J. S08017/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                    Appellee      :
                                           :
                v.                :
                                         :
JAMES DENNIS PETTY,             :
                                         :
                    Appellant    :      No. 877 WDA 2015

Appeal from the Judgement of Sentence April 14, 2015
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000628-2014

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                **FILED MARCH 16, 2016**

Appellant, James D. Petty, appeals from the judgment of sentence entered in the Court of Common Pleas of Blair County following his convictions for two counts of Aggravated Assault Attempted Serious Bodily Injury,[1] two counts of Aggravated Assault Attempted Bodily Injury with a Deadly Weapon,[2] and related offenses.  Upon careful review, we affirm.

The trial court set forth the factual history of this case as follows:

This unusual incident began on March 1, 2014, when [Appellant], James Dennis Petty, and roommate/victim Jonathan Learn engaged in a verbal altercation that turned physical over Learn's dog having escaped [Appellant]'s residence at 520 Crawford Avenue in Altoona, Pennsylvania.  After the fight stopped, [Appellant] threatened to get his gun and retrieved a loaded 12

---

[1] 18 Pa.C.S. § 2702(a)(1).

[2] 18 Pa.C.S. § 2702(a)(4).

gauge single shotgun. Johnathan Learn and his girlfriend Carmen Rightenour retreated from the residence and closed the front door seconds before [Appellant] fired his gun. Although Learn was standing slightly to the side of the front door, neither he nor Rightenour were struck by the shell. Several pellet holes were discovered in the fence and shed located across the street on 519 Crawford Avenue.

Trial Court Opinion, dated 10/23/15, at 1 (internal citations omitted). In addition, there was testimony that after the shotgun was fired, a neighbor observed Appellant on his porch with the shotgun and heard Appellant shout "bring it on, bring it on." N.T. Trial, 1/27/15, at 80, 81-82.

A jury convicted Appellant of two counts of Aggravated Assault Attempted Serious Bodily Injury,[3] two counts of Aggravated Assault Attempted Bodily Injury with a Deadly Weapon,[4] Terroristic Threats with Intent to Terrorize Another,[5] two counts of Simple Assault,[6] three counts of Recklessly Endangering Another Person,[7] and Criminal Mischief – Damage Property.[8] The trial court sentenced Appellant to a term of 48 months to 10 years' incarceration followed by one year of probation.

---

[3] 18 Pa.C.S. § 2702(a)(1).

[4] 18 Pa.C.S. § 2702(a)(4).

[5] 18 Pa.C.S. § 2706(a)(1).

[6] 18 Pa.C.S. § 2701(a)(1).

[7] 18 Pa.C.S. § 2705.

[8] 18 Pa.C.S. § 3304(a)(5).

After the denial of his Post-Sentence Motion, Appellant timely appealed.

Appellant raises the following issues:

a. Whether the Trial Court erred by permitting the Commonwealth to amend the Criminal Information at Jury Selection to add two (2) additional counts of Aggravated Assault at 18 Pa.C.S. §2702(A)(4) over the objection of the Defense.

b. Whether the Trial Court erred in denying Defendant's Motion for Judgment of Acquittal at the conclusion of the Commonwealth's case-in-chief and again once the Defense rested where the evidence at trial failed to establish the requisite intent for Counts one (1) through six (6).

Appellant's Brief at 4.

As an initial matter, the trial court stated in its Pa.R.A.P. 1925(a) Opinion that Appellant waived his challenge to the sufficiency of the evidence for failure to be specific enough in his 1925(b) statement. *See* Trial Court Opinion, dated 7/28/15, at 4. Appellant's 1925(b) Statement provides: "The trial court erred in denying the Appellant's Motion for Judgment of Acquittal as none of the evidence from any of the witnesses at trial showed that Appellant had the requisite intent." Appellant's 1925(b) Statement at 2. The trial court observed that Appellant had multiple convictions for offenses against multiple victims and stated it was unable to determine which convictions Appellant was challenging. Trial Court Opinion, dated 7/28/15, at 4. The trial court nonetheless analyzed the issues on the merits. *Id.* at 5-8.

It is a bright-line rule in Pennsylvania that issues not raised in a timely Pa.R.A.P. 1925(b) statement are deemed to be waived for appellate review. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Likewise, "if a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument." ***Commonwealth v. Reeves,*** 907 A.2d 1, 2 (Pa.Super. 2006). Particularly for claims that the evidence was insufficient, the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient or the claim may be waived. ***Commonwealth v. Williams***, 959 A.2d 1252, 1257-58 (Pa.Super. 2008). However, even if a sufficiency claim is vague, this Court may grant review where the case is straightforward, the record is not long and complex, the trial court readily apprehended the appellant's claim, and the trial court thoroughly addressed the merits of the claim in its opinion. ***Commonwealth v. Laboy***, 936 A.2d 1058, 1060 (Pa. 2007).

In the instant case, the facts are straightforward and arise out of one incident. Appellant's trial lasted one day and the record is not complex. Although Appellant's sufficiency claim does not address specific crimes, the claim does address a specific element – intent. From that, the trial court was able to deduce that Appellant was challenging the sufficiency of the evidence as to all crimes that contained intent as an element and was able to address the merits of the issue. Accordingly, we find that Appellant did not waive the sufficiency claim. ***See id.***

Appellant's first issue challenges the trial court's decision to allow the Commonwealth to amend the Criminal Information at jury selection to add two counts of Aggravated Assault Attempted Bodily Injury with a Deadly Weapon.[9]  We review a trial court's decision to grant or deny a motion to amend the Criminal Information for abuse of discretion.  **Commonwealth v. Small**, 741 A.2d 666, 681 (Pa. 1999).

> Pennsylvania Rules of Criminal Procedure Rule 564 provides:
>
> [t]he court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.  This Court has explained that the purpose of Rule 564 is to ensure that Appellant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which appellant is uninformed.  **Commonwealth v. Sinclair**, 897 A.2d 1218, 1221 (Pa.Super. 2006).  If there is no showing of prejudice, the amendment of the criminal information to add an additional charge is proper even on the day of trial. **Commonwealth v. Womack,** 453 A.2d 642, 646 (Pa.Super. 1982).

If the crimes specified in the original indictment or information involve the "same basic elements and evolved out of the same factual situation" as

---

[9] 18 Pa.C.S. § 2702(a)(4).

the crimes specified in the amended indictment or information, then appellant is deemed to have been placed on notice – and not prejudiced – regarding his alleged criminal conduct. *Sinclair*, 897 A.2d at 1221. However, prejudice may exist if the amendment alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged. *Id.*

Factors that this Court should consider when determining whether Appellant has suffered prejudice include:

1) whether the amendment changes the factual scenario supporting the charges;
2) whether the amendment adds new facts previously unknown to the appellant;
3) whether the entire factual scenario was developed during a preliminary hearing;
4) whether the description of the charges changed with the amendment;
5) whether a change in defense strategy was necessitated by the amendment; and
6) whether the timing of the request for amendment allowed for ample notice and preparation.

*Id.* at 1223 (citation omitted).

In the instant case, the trial court allowed the Commonwealth to amend the Criminal Information over Appellant's objection two weeks prior to trial. Trial Opinion, dated 10/23/15, at 8. The Criminal Information originally included two counts of aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1), "attempts to cause serious bodily injury to another…under circumstances manifesting extreme indifference to the value of human life." The trial court allowed the addition of two counts pursuant to 18 Pa.C.S. §

2702(a)(4), "attempts to cause…bodily injury to another with a deadly weapon."

The underlying factual scenario for both offenses is the same – Appellant retrieved a shotgun and discharged it through a closed door that victims Learn and Rightenour had just exited. Those facts were set forth in the Criminal Complaint ten months prior to trial. Criminal Complaint, dated 3/2/14, at 8. The addition of the Section 2702(a)(4) charge did not add any new facts of which Appellant was previously unaware.

Moreover, the charges do not involve materially different elements or defenses. The Section 2702(a)(1) charge involves attempt to cause "serious bodily injury,"[10] and the Section 2702(a)(4) charge involves attempt to cause "bodily injury,"[11] a lesser included offense. Even though Section 2702(a)(4) does add the element of a deadly weapon, this did not change the factual scenario or add new facts. Significantly, adding Section 2702(a)(4) did not necessitate a change in defense strategy. Both charges require intent and Appellant's defense throughout trial was that the shotgun discharged by accident. *See* N.T. Trial, 1/27/15, at 206-12. As there was no demonstrated prejudice to Appellant, the trial court did not abuse its discretion when it amended the information prior to trial.

---

[10] "Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.
[11] "Impairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Appellant next raises the issue of whether the trial court erred in denying Appellant's Motion for Judgment of Acquittal at the conclusion of Appellant's case-in-chief, and again once Appellant rested, where the evidence at trial failed to establish the requisite intent for the Attempted Aggravated Assault charges.[12]

A Motion for Judgment of Acquittal "challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted).

Our Supreme Court has set forth the appropriate standard of review: "[w]hen reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Weiss*, 776 A.2d 958, 963 (Pa. 2001) (citation omitted).

---

[12] The Appellant also challenged the sufficiency of the evidence for two counts of Criminal Attempt – Criminal Homicide pursuant to 18 Pa.C.S. § 901 and 18 Pa.C.S. § 2501(a). This Court will not address those charges as the Appellant was found **not guilty** as to both counts.

Appellant correctly states that the Commonwealth is required to prove specific intent for both Aggravated Assault Attempted Serious Bodily Injury[13] and Aggravated Assault Attempted Bodily Injury with a Deadly Weapon.[14] *See Commonwealth v. Everett*, 596 A.2d 244, 245 (Pa.Super. 1991) (holding where attempt is made to commit Aggravated Assault, Commonwealth is required to prove specific intent). Pursuant to the Pennsylvania Crimes Code, a person acts "intentionally…if it is his conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S. § 302. This Court has stated:

> [t]he fact-finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom. A determination of whether an appellant acted with intent to cause serious bodily injury must be determined on a case-by-case basis. An intent is a subjective frame of mind, it is of necessity difficult of direct proof[.] We must look to all the evidence to establish intent, including, but not limited to, appellant's conduct as it appeared to his eyes[.] Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.

*Commonwealth v. Lewis,* 911 A.2d 558, 564 (Pa.Super. 2006) (internal citations and quotations omitted).

Appellant claimed throughout the trial that he discharged the shotgun by accident. *See N.T. Trial*, 1/27/15, at 206-12. However, there is a myriad of evidence to dispute this contention. Appellant was aware that the

---

[13] 18 Pa.C.S. § 2702(a)(1).

[14] 18 Pa.C.S. § 2702(a)(4).

shotgun was loaded, as evidenced by Learn's testimony that Appellant had previously shown him the loaded shotgun that Appellant kept by a hutch. *Id.* at 25. By his own admission, Appellant was upset and went to retrieve the shotgun after Learn and he got in a fight: "I made a bad judgment by saying I'll go get a gun...I was so mad and so hurt he did this." *Id.* at 205-06. Appellant's threat and subsequent retrieval of the gun evidence that he intended to use it. *Id.*

Appellant claims that the gun went off accidentally after he stumbled, thereby negating his intent but, as the trial court observed, the evidence suggests otherwise. Appellant knew that both victims were on the porch when he shot the gun because the shots came through the door "three or four seconds" after Learn and Rightenor left and closed the door. *Id.* at 28. Appellant aimed for the upper part of the victims' bodies; Learn "felt like the percussion" of the shot "on the back of my head and face." *Id.* at 29. The police observed that the front door had "a large hole just above the peep hole" and that the gunshot blast was "level...meaning straight through the door, straight through the screen door and straight through the porch screen" indicating that Appellant had not been stumbling; rather the evidence showed that Appellant was aiming when the shotgun was discharged. *Id.* at 115, 120, 123. The trial court noted that several officers gave the exact same testimony as to their observation of the trajectory of the shotgun blast. Trial Court Opinion, dated 10/23/15, at 5.

Appellant admitted that the shotgun was in his hand when it discharged. N.T. Trial, 1/27/15, at 214-18. The evidence showed that, even after the gun discharged, Appellant was still threatening the victims. After hearing a loud bang, a neighbor observed Appellant standing on his porch with the shotgun saying "bring it on, bring it on." *Id.* at 78, 80-81.

Our review of the evidence in the light most favorable to the Commonwealth demonstrates that there is sufficient evidence to prove the element of intent with regard to all counts of Aggravated Assault. Therefore, the trial court did not err when it denied the Motions for Acquittal at various stages throughout the trial.

For the foregoing reasons, we conclude that it was not an abuse of discretion for the trial court to amend the Criminal Information or deny the Appellant's Motions for Acquittal.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016

- 11 -