J-A02004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALAN J. NEALLY | |
| Appellant | No. 1055 MDA 2015 |

Appeal from the Judgment of Sentence April 23, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000972-2014

BEFORE:  PANELLA, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                              **FILED MAY 17, 2016**

Appellant, Alan J. Neally, appeals from the judgment of sentence entered after the trial court convicted him of driving under the influence of alcohol ("DUI"). Neally argues that the Commonwealth failed to present sufficient evidence to establish that he had operated his motorcycle on the night in question. After careful review, we affirm.

Neally was found late at night passed out on the side of a curve in the road next to his motorcycle. The motorcycle had scratches on its left side, and Neally had visible injuries to his left arm. After responding officers were able to bring him to consciousness, Neally was sluggish and had slurred

---

[*] Former Justice specially assigned to the Superior Court.

speech, along with a strong odor of alcohol on his breath. Officers transported him to a local hospital, where Neally refused a blood test.

After a non-jury trial, the trial court found Neally guilty of DUI, general impairment as well as driving under suspension. Neally filed post-sentence motions challenging the sufficiency and weight of the evidence supporting his convictions. The trial court subsequently denied Neally's motions, and this timely appeal followed.

On appeal, Neally once again raises challenges to the sufficiency and the weight of the evidence. In both arguments, Neally focuses on the Commonwealth's burden to establish that he had operated his motorcycle. Neally argues that the Commonwealth's witnesses contradicted each other regarding the condition of Neally's motorcycle, and further, that they did not find the motorcycle running, or even the keys to the motorcycle.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. ***See id***. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. ***See id***. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. ***See Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Bruce***, 916 A.2d at 661 (citation omitted).

Having reviewed the briefs of the parties and the certified record, we conclude that the trial court opinion, authored by the Honorable Thomas R. Campbell, fully and thoroughly addresses this argument. ***See*** Trial Court Opinion, 8/17/15, at 1-12 (finding that the evidence was sufficient to establish that Neally had been involved in a low speed, single vehicle accident, and that his location, inconsistent statements, and the absence of the claimed third-party driver were sufficient circumstantial evidence that he had operated the motorcycle while intoxicated). We therefore affirm on this basis.

Turning to Neally's weight of the evidence claim, we observe the following standard of review. A challenge to the weight of the evidence

"concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (citation omitted).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (internal quotes and citations omitted).

Having reviewed the briefs of the parties and the certified record, we conclude that the Honorable Thomas R. Campbell's opinion ably and comprehensively disposes of Neally's weight claim. We discern no abuse of discretion in his reasoning, and therefore affirm based on that opinion. *See* Trial Court Opinion, 8/7/15, at 12-14.

Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016



IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA        CP-01-CR-972-2014

VS.

ALAN J. NEALLY

## OPINION PURSUANT TO Pa. R.A.P. 1925(a)

Appellant, Alan J. Neally, appeals from this Court's March 24, 2015 verdict of guilty, following a non-jury trial, to driving under the influence of alcohol ("DUI"), general impairment under 75 Pa. C.S. § 3802(a)(1), with implied consent refusal as a second offense for sentencing purposes, as well as his conviction for driving under suspension in violation of Section 1543(a) of the Pennsylvania Motor Vehicle Code as a summary offense. Appellant filed Notice of Appeal on June 18, 2015. Appellant filed a Concise Statement of Matters Complained of on Appeal on July 9, 2015.[1]

On April 23, 2015, Appellant was sentenced on Count 1 to a period of incarceration of no less than 90 days nor more than 6 months partial confinement at the Adams County Adult Correctional Complex. On Count 2 Defendant was sentenced to pay a fine. On April 30, 2015, Appellant filed a post-sentence motion in arrest of judgment claiming the evidence produced was insufficient as a matter of law to sustain a conviction for Count 1, DUI general impairment and alternatively claimed that the verdict was against the greater weight of the evidence. On May 26, 2015, after argument on Appellant's post-sentence motions and upon review of legal authority submitted by both the Commonwealth and Defense, this Court denied the post-

---

[1] The Concise Statement was not served on the undersigned's Chambers despite the representation on Appellant's Certificate of Service. The undersigned first obtained the Concise Statement from the Clerk's file on approximately July 15, 2015.

1

sentence motion. On June 17, 2015, Appellant filed a notice of appeal. On July 9, 2015, Appellant filed a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b), identifying the following two issues for consideration: (1) whether the evidence presented at trial was insufficient as a matter of law to support a finding of guilt beyond a reasonable doubt on the charge of driving under the influence. More specifically, whether the Commonwealth presented sufficient evidence to establish that Appellant drove, operated, or was in actual physical possession and control of the movement of a motor vehicle, and (2) in the alternative, whether the finding of guilt as to the charge of driving under the influence was against the weight of the evidence. More specifically the conclusion that Appellant, drove, operated, or was in actual physical control of a motor vehicle was against the weight of the evidence.

The non-jury trial, held March 24, 2015, revealed the following facts. On the weekend of July 12, 2014, Appellant, Alan Neally was visiting Gettysburg, Pennsylvania from his home in New York with several friends. They traveled to Gettysburg to participate in the Annual Bike Week-Gettysburg Festivities. Appellant "rode" his own bike to Gettysburg for Bike Week while his friend, Evan DelGrosso "rode" his own bike here for that same event.

Shortly after midnight on July 12, 2014, Joann Smith was driving from her home in Biglerville, Pennsylvania to the hospital in Gettysburg along State Route 34, also known as the Biglerville Road. As Ms. Smith passed by a carwash on the left hand side of the Biglerville Road, where the road turns to the right heading into Gettysburg, out of the corner of her eye she quickly saw a person lying over the curb along the roadway and a motorcycle. This caused Ms. Smith to turn around and come back to see if the

2

person was injured. She observed a man with his legs down over the curb and his back lying along the middle of the curb with his head in the carwash area. The person's legs were dangling toward the side of the road. With regard to the motorcycle, she saw only the handlebars as she initially drove past which is what caused her to think something was amiss with the situation. Ms. Smith observed Appellant lying just several feet from the motorcycle. Upon turning around and coming back to the parking lot of the carwash, Ms. Smith did not observe any other people in that general area so she called 911. Ms. Smith believed the individual was intoxicated but for her own personal safety did not get out of the vehicle or approach the location where the man was lying near his motorcycle.

In the early morning hours of July 12, 2014, Sergeant Griffiths along with his Chief Michael Weigand were on duty with the Latimore Township Motorcycle Unit assisting the Cumberland Township Police Department with their motor units during Bike Week Festivities. Sergeant Griffiths has over 50 years of experience operating motorcycles as well as previous training as an emergency medical technician.

Sergeant Griffiths is part of a special motorcycle unit within the Latimore Township Police Department, specifically the "Motor Unit."

On the evening in question Sergeant Griffiths and his Chief were on their way back to their home jurisdiction after concluding their day of work, when they heard a dispatch about a motorcycle accident in the area of Biglerville Road and Table Rock Road. Sergeant Griffiths and Chief Weigand were close to that location and proceeded directly to the scene of the accident. Upon approaching the scene, Sergeant Griffiths observed the motorcycle facing southbound along the northbound lane lying on its left

3

side. He also observed an individual lying on the curb barrier along the side of the parking lot of the carwash with his back facing the motorcycle. Sergeant Griffiths identified Appellant as the person he saw lying along the side of the road in close proximity to the motorcycle. According to Sergeant Griffiths, in that particular area of Biglerville Road, near the carwash, there is a slight curve in the roadway with the northbound lane of State Route 34 bearing to the left and the southbound lane curving toward the right. There is also a concrete curb separating the carwash from the median of the Biglerville Road, along the northbound lane.

As Sergeant Griffiths approached Appellant, he was unresponsive. Out of concern for Appellant's safety as well as others potentially in the vicinity, Sergeant Griffiths tried to wake Appellant utilizing an emergency medical stimulus technique known as a "sternum rub." Sergeant Griffiths was able to get Appellant responsive and awake enough to communicate generally with him. Appellant was mumbling and initially incoherent in his responses. Once Appellant became responsive Sergeant Griffiths immediately noticed signs of alcohol intoxication and a strong odor of alcohol on his breath along with watery and bloodshot eyes.

Upon further examination of the scene Officer Griffiths saw damage to the rear of the motorcycle, specifically to the saddlebag area of the left-hand side. According to Sergeant Griffiths, the scrape marks and damage to the motorcycle made it appear that the "bike had gone down" on the left side. Sergeant Griffiths also observed gouge marks on the blacktop going from the southbound lane across the northbound lane with the scrape continuing onto the concrete curb. Sergeant Griffiths noticed the gouge marks were fresh and continued to the concrete curb where the bike struck and came to

4

rest. Finally, Sergeant Griffiths testified that based on his 50 years of experience with motorcycles, it is common for individuals driving or operating a motorcycle to say that he is "riding his motorcycle" or "riding the motorcycle."

The Commonwealth also presented the testimony of Lacy Warner, an Emergency Medical Technician, who responded to the scene of the accident. Upon her arrival, EMT Warner noticed several police cars at the intersection of Biglerville Road and Table Rock Road in the area of the carwash. She also observed a motorcycle lying on its left side facing southbound in the northbound lane on the Biglerville Road, facing Gettysburg. She noticed minor damage to the left side of the motorcycle. EMT Warner also observed a gentleman, later identified as Appellant, sitting next to the motorcycle on the curb. By the time she interacted with him he was able to walk around and get himself into the back of the ambulance with the EMTs and without assistance. During EMT Warner's assessment of Appellant he informed her that he had been drinking a lot of alcohol. Appellant then told EMT Warner that he was not operating the motorcycle. Appellant could not name any of the friends he claimed to be with or identify who was operating the motorcycle.

EMT Warner's physical assessment of Appellant revealed minor abrasions to his left arm and elbow which were slightly open and abrased, but without significant bleeding. EMT Warner had responded previously to multiple motorcycle crashes and testified that the injuries she observed to Appellant's left arm (which were also on the same side as the damage observed on the bike) were consistent with injuries caused in a motorcycle crash. According to EMT Warner, it appeared that the accident was of the

5

type where the rider "laid down their bike." Her testimony was consistent with Sergeant Griffiths testimony which indicated that it was not a serious motorcycle accident.

Also responding to the scene and testifying for the Commonwealth was Officer Daniel Barbagello, a nine (9) year veteran of the Cumberland Township Police Department. Upon arriving at the scene and making contact with Appellant, Officer Barbagello observed classic signs of intoxication. Officer Barbagello also noticed minor injuries on the left side of Appellant's body, mainly on his arm and elbow areas. Officer Barbagello did not observe any other individuals, besides law enforcement and emergency personnel, with the Appellant or in the vicinity of the accident. Officer Barbagello engaged Appellant in conversation and Appellant informed Officer Barbagello that it was his motorcycle. According to Officer Barbagello the motorcycle was a black Harley Davidson with New York registration in Appellant's name. When Officer Barbagello asked Appellant if he was driving, Appellant then broke eye contact with him and looked straight ahead and responded no, he was "riding." Upon further questioning, Officer Barbagello asked Appellant if he was operating his motorcycle to which Appellant responded that he was riding with twelve other people and "he got lost." Again, Appellant's response when asked if he was driving was that he was "riding" the bike. At no time did Appellant indicate to Officer Barbagello who was operating his motorcycle.

Based upon all of his observations Officer Barbagello placed Appellant under arrest for driving under the influence of alcohol, transported Appellant to Gettysburg

6

Hospital for a blood draw. Upon arrival at Gettysburg Hospital, Officer Barbagello read Appellant his DL-26 implied consent warnings and Appellant refused chemical testing.[2]

The only witness called by Appellant, in his defense, was his friend, Evan DelGrosso, who had travelled with him and several other people from New York to Bike Week in Gettysburg over the weekend of July 12, 2014. According to DelGrosso, throughout the day of July 11, 2014, DelGrosso and Appellant along with a group of people were together at various different places throughout the greater Gettysburg area, ultimately ending up at a bar in Gettysburg identified by DelGrosso as the "Flying something."[3] According to DelGrosso he left that bar around 10:00 or 11:00 p.m. on July 11, 2014, and returned to his hotel at the Econo Lodge, which is adjacent to the Hilton Hotel where Appellant was staying. According to DelGrosso, sometime later Appellant called him stating he needed a ride home, and DelGrosso went with another friend back into town to pick him up.

DelGrosso claimed that after getting Appellant, DelGrosso was operating Appellant's motorcycle back toward the hotel when the spring on the bike's kickstand began dragging on the ground causing DelGrosso to pull over. DelGrosso decided to leave the motorcycle along with Appellant, go back to the hotel in order to get his truck and trailer to return to get the bike. DelGrosso further claimed he returned to his hotel on the back of the motorcycle of Josh LeBarron, the friend who brought him back into

---

[2] Appellant also previously refused further medical treatment from the EMT's on the scene.

[3] The Court notes that the establishment referenced by Mr. DelGrosso is one block off the center square in downtown Gettysburg and is known as the Flying Bull. It is located on Carlisle Street (S.R. 34) just one block north of the Gettysburg Square.

7

town to pick up Appellant. By the time DelGrosso returned to the hotel he had a number of missed calls from Appellant informing him that the police had shown up.[4]

On cross examination, DelGrosso testified that he and Josh LeBarron were sober, but decided to leave their highly intoxicated friend alone with the motorcycle on the side of the road while they allegedly returned to the hotel to retrieve a truck and a trailer. Interestingly DelGrosso testified they were traveling northbound on the Biglerville Road supposedly toward their hotel, the Econo Lodge and the Hilton Hotel. However, both the Econo Lodge and the Hilton Hotel are located on State Route 30 East of Gettysburg, in the opposite direction.[5] When questioned, DelGrosso could not provide any description of any landmarks or businesses, such as a carwash, in the area where he and LeBarron allegedly left Appellant.

Following the non-jury trial this Court found Appellant guilty of DUI general impairment under Section 3802(a)(1) of the Pennsylvania Motor Vehicle Code as a second offense[6] with implied consent refusal. This Court also found Appellant guilty of the summary charge of driving under suspension in violation of Section 1543(a) of the Pennsylvania Motor Vehicle Code.

Appellant's first contention is that his DUI conviction was not supported by sufficient evidence at trial. A claim impugning the sufficiency of the evidence presents

---

[4] No testimony was proffered that Mr. DelGrosso returned to the scene where he had left Appellant in order to clarify for police that he was the operator of the motorcycle or the facts recited by Mr. DelGrosso at trial. In fact Mr. DelGrosso never reported his claims to being the operator of the motorcycle and having left Appellant at that location to police at any time prior to trial.
[5] No explanation was provided by DelGrosso as to why if he allegedly came from the hotel areas where he was staying back into town to pick up Appellant at the bar why he did not return to the hotel the same way, but instead headed in the completely wrong direction on a different road from which he traveled from the hotel to the bar.
[6] The parties stipulated prior to trial to Appellant's prior DUI conviction from June 18, 2014 out of the State of New York.

8

Appellate Courts with a question of law. **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000). An Appellate Court's standard of review is well established:

> The standard to be applied by an appellate court in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. In addition,... the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Antidormi**, 84 A.3d 736, 756 (Pa. Super. 2014)(citations omitted).

Further, this standard is equally applicable to cases where the evidence is circumstantial rather than direct, so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. **Id.** Citing, **Commonwealth v. Sanders**, 627 A.2d 183, 185 (Pa. Super. 1993). Finally, although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty. **Id.** Citing, **Commonwealth v. Gainer**, 7 A.3d 291, 292 (Pa. Super. 2010).

The combination of evidence presented by the Commonwealth during Appellant's non-jury trial was sufficient to satisfy the Commonwealth's burden of proof as to each element of DUI-general impairment beyond a reasonable doubt. To sustain a conviction for driving under the influence of general impairment the Commonwealth must prove the

9

following beyond a reasonable doubt: defendant was driving, operating or in actual physical control of the movement of a vehicle, after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle. **75 Pa. C.S.A. § 3802(a)(1)**. Here Appellant contends that the Commonwealth failed to meet its burden of proving that he drove, operated or was in actual physical control of the movement of the motorcycle in question.

The evidence at trial showed that Appellant was found intoxicated, to the point of being essentially unresponsive, just a few feet away from a motorcycle owned by him. Appellant had traveled from New York on that motorcycle the day prior to the incident in question. Examination of the scene showed fresh gauge marks in the roadway leading from the southbound lane across the northbound lane into the concrete curb where the motorcycle came to rest on the side of a public roadway. There was scraping damage to the left side of the Appellant's motorcycle and Appellant had injuries on his left arm and elbow consistent with the motorcycle having been laid down. The physical damage to the road, motorcycle and Appellant's body were consistent not with a high speed motorcycle crash, but rather an accident where the motorcycle was laid on its side in an area where there was a curve in the road. The motorcycle at the scene was registered to the Appellant and no other people were on scene with Appellant at any time. Appellant gave inconsistent statements to the police and emergency personnel and was unable to name the person he claimed to have been operating his motorcycle. Appellant consistently said he was "riding" his bike which is common jargon among motorcycle enthusiasts for driving or operating the motorcycle.

10

Finally, the testimony of the only witness presented by Appellant is severely lacking in credibility and was disregarded by the undersigned as being wholly unbelievable. According to DelGrosso, he and another friend, Josh LeBarron, upon receiving a call from Appellant traveled from their hotels located several miles east of Gettysburg on State Route 30 into the center square where the Flying Bull Saloon is generally located, to retrieve Appellant. DelGrosso claimed to be operating Appellant's motorcycle when attempting to return to the hotels with appellant. Importantly, DelGrosso claimed that he and LeBarron left a highly intoxicated friend, Appellant, at the scene where he was subsequently located by the witness and police because the kickstand was broken and dragging on the roadway, while he and LeBarron proceeded back to the hotel to retrieve a truck and trailer. The unreliability of DelGrosso's testimony is illustrated by the route DelGrosso claims he took once picking up Appellant for his return to the hotel. By traveling northbound on the Biglerville Road he went in entirely the wrong direction to return to the hotels from the Flying Bull Saloon. Travelling north on the Biglerville Road is the wrong direction for a person to return to the Hilton or Econo Lodge Hotels which are located on Route 30, East of Gettysburg. Further discrediting DelGrosso's testimony is the fact that he could not provide any description of any landmarks, business, buildings or structures or of the location where he allegedly left Appellant in a highly intoxicated state with his motorcycle. Finally, DelGrosso could not provide any explanation for the injuries to Appellant's left arm and elbow or the damages to the left side of Appellant's motorcycle or the fresh gauge marks on the Biglerville Road leading toward the concrete curb along which Appellant's motorcycle was found.

11

In reviewing all of the evidence in the light most favorable to the Commonwealth and after disregarding, in its entirety, the testimony of Evan DelGrosso, the evidence was sufficient to prove beyond a reasonable doubt that Appellant was driving his motorcycle, was involved in a minor motorcycle accident whereby he laid the motorcycle on its side trying to negotiate a curve in the road thereby suffering minor injuries to his left arm and elbow which were consistent with the damage to the motorcycle.

.Based upon the entirety of the record and evidence presented, when viewed in the light most favorable to the Commonwealth as verdict winner, the Commonwealth clearly presented sufficient evidence to show that Appellant drove or operated his motorcycle after consuming an amount of alcohol which rendered him incapable of safe driving. Consequently, Appellant's conviction for DUI, general impairment was supported by sufficient evidence at trial.

Turning next to Appellant's claim that the verdict was against the weight of the evidence, it is noted that such a claim is originally addressed to the sound discretion of the trial court. **Commonwealth v. Landis**, 89 A.3d 694 (Pa. Super. 2014). See also, **Widmer**, 744 A.2d at 751-52. Further, a new trial should not be granted because of a mere conflict in the testimony or because another judge on the same facts would have arrived at a different conclusion. **Id.** Rather, the role of the trial judge is to determine that "notwithstanding all of the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Id.** Citing, **Widmer** at 751. A motion for a new trial on the grounds that the evidence is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the conviction. **Landis** at 699. Further, a new trial should be awarded only when the jury's

12

verdict is so contrary to the evidence as to shock ones sense of justice. **Commonwealth v. Brown**, 648 A.2d 1177, 1189 (Pa. 1994).

A review of a weight of evidence claim is a review of the exercise of discretion [by the trial court], not of the underlying question of whether the verdict is against the weight of the evidence. **Anitdormi**, 84 A.3d at 758 (citing, **Brown**, 648 A.2d at 1189). Because the trial judge has the opportunity to hear and see the evidence presented, an appellate court gives the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination as to whether the verdict is against the weight of the evidence. **Id.** (citations omitted). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was not against the weight of the evidence. **Widmer**, 744 A.2d at 753 (internal citations omitted).

As noted, Supra., the weight of the evidence presented by the Commonwealth, with regard to Appellant's driving and operating a motorcycle at the time and place in question while under the influence of alcohol to a degree which rendered him incapable of safe driving, is essentially unrebutted. The only witness called by Appellant proffered testimony that was illogical and unbelievable and as a result was disregarded in its entirety by this Court. This Court's finding of guilt with regard to the driving under the influence, general impairment charge is not so contrary to the evidence as to shock ones sense of justice. Accordingly, there has been no abuse of discretion with regard to that finding. As described above, the virtually uncontroverted evidence at trial showed that Appellant operated his motorcycle after consuming an amount of alcohol which rendered him incapable to safe driving. Beyond the illogical and unbelievable testimony

13

of Evan DelGrosso, Appellant did not present any evidence which contradicted the physical evidence at the scene and the credible testimony of the Commonwealth's witnesses. Accordingly, Appellant's contention that this Court's verdict was against the weight of the evidence is meritless.

For all the reasons stated herein, it is respectfully requested that Appellant's convictions and judgment of sentence imposed be affirmed.

BY THE COURT:

DATE: August 17, 2015

THOMAS R. CAMPBELL
Judge

14