J-S82002-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAVON HART | : | |
| | : | |
| Appellant | : | No. 1173 WDA 2016 |

Appeal from the Judgment of Sentence June 23, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013855-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAVON HART | : | |
| | : | |
| Appellant | : | No. 1601 WDA 2016 |

Appeal from the Judgment of Sentence September 22, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013855-2015

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:                     FILED JUNE 04, 2018

Appellant, Javon Hart, appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following his conviction by a jury on the charges of involuntary deviate sexual intercourse ("IDSI") with a child, 18 Pa.C.S. § 3123(b); attempted IDSI with a child, 18 Pa.C.S. § 901(a); aggravated indecent assault, 18 Pa.C.S. § 3125(b) (forcible

_____
*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

compulsion); unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1)(i); indecent assault, 18 Pa.C.S. § 3126(a)(7) (victim under 13); endangering the welfare of a child, 18 Pa.C.S. § 4304(a)(1); corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii); and indecent exposure, 18 Pa.C.S. § 3127(a). He further appeals the trial court's September 22, 2016, order finding him to be a Sexually Violent Predator ("SVP") under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41. After a careful review, we vacate the trial court's September 22, 2016, SVP order and remand for further limited proceedings as discussed infra. We affirm the judgment of sentence in all other respects.

The relevant facts and procedural history are as follows: Appellant was arrested in connection with the sexual assault of the minor victim, and represented by counsel, he proceeded to a jury trial. The trial court has summarized the facts adduced at trial as follows:

> The evidence presented at trial established that when she was seven (7) years old, [the victim's] mother married [Appellant]. One evening when she was 10 years old, [the victim] laid down on the couch in the living room to watch television with [Appellant] after she had finished her chores. While she was laying [sic] on the couch, [Appellant] put his hands into her pajama pants and put his fingers inside of her vagina and anus and licked her vagina. On another occasion, [the victim] was watching television in her mother's bedroom when [Appellant] came in, took her pants off and licked her anus. He also had her use her hand to masturbate him. On another occasion, [Appellant] came into [the victim's] room, pulled down his pants and attempted to pull her head towards his penis. He also had [the victim] bring him some baby oil, then used it to masturbate and asked her to watch. The assaults continued until [the victim] was 11 years old.

Trial Court Opinion, 1/5/17, at 3.

At the conclusion of all evidence, the jury convicted Appellant of the offenses indicated supra, and on June 23, 2016, the trial court sentenced Appellant to four consecutive terms of 10-20 years' incarceration for IDSI with a child, attempted IDSI with a child, aggravated indecent assault, and unlawful contact with a minor (counts 1-4). He received no further penalty for the remaining convictions.

Appellant filed a timely, counseled post-sentence motion and, on July 12, 2016, the trial court denied the motion. On August 10, 2016, Appellant filed a notice of appeal, which this Court docketed at 1173 WDA 2016. On September 22, 2016, following a hearing, the trial court designated Appellant as a SVP under SORNA, and on October 21, 2016, Appellant filed an appeal, which this Court docketed at 1601 WDA 2016. On November 29, 2016, Appellant filed an application to consolidate his two appeals, and this Court granted Appellant's application to consolidate.

Appellant now presents this Court with the following questions for our review:

> 1. Did the trial court err when it excluded certain testimony from Appellant's mother on the grounds that it was inadmissible hearsay (a ruling that both misapplied the hearsay rule and that in any event deprived Appellant of his state and federal constitutional rights to present a full defense)?
>
> 2. Did the trial court err when it sentenced Appellant to serve an aggregate term of 40-to-80 years of imprisonment at a sentencing hearing in which it failed to acknowledge that it was deviating from the Sentencing Guidelines with respect to two of

the four component sentences that it imposed, failed to provide a statement that properly justified that sentence, and overall imposed a manifestly excessive aggregate sentence?

3. Did the trial court err when it deemed Appellant to be a[n] [SVP] at an impermissible post-sentence proceeding?

Appellant's Brief at 3.

Appellant's first claim concerns the trial court's exclusion of testimony from Appellant's mother, on hearsay grounds, regarding a telephone conversation she purportedly had with the victim's mother about the allegation of molestation. This matter arose at trial, during the direct-examination of Appellant's mother by defense counsel, as follows:

Q: Do you recall at any point having a discussion with [the victim's mother] about the allegations forming the basis of this case?

A: Yes.

Q: When did you first learn that these allegations were made?

A: Every time there is a fight with those two she always seems to call me on the phone. Always calls the mother-in-law. So she would call me angry, argumentative, telling me what my son did to her, he is going to pay for what he has done, he is no f'n good-

[Prosecutor]: Your Honor, objection, hearsay.

THE COURT: I'm going to sustain on another basis.

BY [Defense Counsel]:

Q: What I want to know is when did you first learn about these allegations?

A: I guess it was -- when she called me on the telephone and we were talking in conversation. She started getting upset and angry when we were talking. She said my son --

[Prosecutor]: Objection, Your Honor, hearsay.

THE COURT: Sustained.

[Defense Counsel]: Your Honor, I asked [the victim's mother] if she said these things and she denied them. She was here. She was here to testify about them.

- 4 -

THE COURT: The objection is sustained. Actually, your question was when and she has never answered that.

BY [Defense Counsel]:

Q: Let's go back to when, do you recall when you first learned about these allegations?

A: I'm not sure of the exact date. After a fight they had. It was after a fight they had. And she called me on the phone and told me that her and my son had a fight.

[Prosecutor]: Objection, Your Honor, hearsay.

THE WITNESS: I don't know the exact date in time. But it was in June sometime.

THE COURT: Sustained.

THE WITNESS: End of June, beginning of July.

BY [Defense Counsel]:

Q: Did she make any statements to you about [Appellant's] status as far as living in the same house?

A: She said he is not going to be living there anymore because I found a way to keep him out.

[Prosecutor]: Your Honor, I object again to hearsay.

THE COURT: Sustained.

[Defense Counsel]: Your Honor, I asked that very question of [the victim's mom] herself. She denied it. But she was here to testify about it.

THE COURT: The objection is sustained.

BY [Defense Counsel]:

Q: Did she have any comments about [Appellant] towards you?

[Prosecutor]: Same objection, Your Honor.

THE COURT: Same ruling.

[Prosecutor]: Thank you.

BY [Defense Counsel]:

Q: What did she say to you when she disclosed these allegations to you?

[Prosecutor]: Objection, Your Honor.

THE COURT: [Defense counsel], I'm sure you get it. Okay. Sustained.

N.T., 3/23/16, at 122-24.

Appellant argues that his trial was a credibility contest, where he "did not defend on the grounds that [the victim] had mistaken Appellant for the actual perpetrator, or had mistaken innocuous[,] non–sexual contact for unlawful sexual contact. Instead, he defended himself on the elementary theory that her testimony was false." Appellant's Brief at 29. More specifically, the defense's theory of the case was that:

> [The victim] was induced to lie by her mother, who was Appellant's wife. Appellant and his wife had what she described as an on-again, off-again relationship, and she had, it appears, come to the conclusion that she preferred that the relationship end. She wanted Appellant out of her home and out of her life, with a good part of that desire motivated by his prior physical assaults upon her and her perception that the criminal justice system did not provide severe enough sanctions upon Appellant for his acts. Since child sexual assault charges were more likely to bring a severe punishment, [the victim's] mother was motivated to induce her 11-year-old daughter to bring forward such an allegation.

Id. at 30.

As such, Appellant intended to develop the following through his mother's testimony:

> Appellant's mother came into the picture because of her telephone conversation with [the victim's] mother. The latter, as it happened,. . .telephoned Appellant's mother anytime there was an argument or dispute between Appellant and her. N.T. 03/22-28/16 at p. 123. [The victim's] mother would in these calls complain to Appellant's mother about Appellant's behavior. Id. One such call occurred around the time that [the victim's] sexual assault allegations were first being made, [the victim's] mother

spoke to Appellant's mother over the telephone (or, at least, so Appellant's mother would have testified). Tellingly, [the victim's] mother expressed anger at Appellant, but then gloated that she had finally hit upon a way to have Appellant removed from her home permanently. See Defendant's Post-Sentence Motion, at ¶ 21(a-b). When Appellant's mother asked what th[at] way was, [the victim's] mother, after a pregnant pause, replied that "[h]e has been molesting one of the kids." Id. ¶ 21(c). Appellant's mother responded to this declaration with an intuitive question: "Which one?" Id. ¶ 21(d). Tellingly, [the victim's] mother did not respond immediately, which one would expect would occur. Instead, she said nothing for several moments before finally uttering [the victim's] name. Id. Appellant sought to introduce this testimony in support of the defense theory that the genesis of [the victim's] sexual assault allegations was not Appellant's conduct, but instead [the victim's] mother's desire to exclude Appellant from her life.

Appellant's Brief at 30-31.

With the defense's theory of this case as the backdrop, Appellant now contends that the trial court abused its discretion when it repeatedly excluded testimony from Appellant's mother concerning the above-described telephone conversation. Appellant argues that: 1) the excluded evidence was not hearsay;[1] or 2) even if hearsay, it was nonetheless admissible as an exception to the hearsay rule;[2] or 3) if hearsay, and not admissible under the hearsay

_____

[1] See Commonwealth v. Ali, 10 A.3d 282, 315-16 (Pa. 2010) (recognizing that out-of-court statements are admissible as non-hearsay when they are not offered for the truth of the matter asserted or as non-verbal acts demonstrating motive or an intent to influence a witness).

[2] See Pa.R.E. 803, 803.1, and 804.

rules, the evidence was nevertheless admissible pursuant to Appellant's due process right to present a defense because it was sufficiently reliable and crucial to the defense.[3]

Before we reach the merit of these sub-claims, we first address the Commonwealth's argument that Appellant failed to preserve these specific issues in the lower court. Commonwealth's Brief at 18-25. After a careful review, we agree with the Commonwealth that Appellant waived these matters by failing to make an offer of proof.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Furthermore, a party may not challenge a trial court's ruling to exclude evidence on appeal unless that "party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Pa.R.E. 103(a)(2).

Here, the Commonwealth notes that:

> At no time did [defense counsel] make either an offer of proof or legal argument in support of admissibility. [N.T., 3/23/16, at 122-24]. He did not ask for a sidebar or any other opportunity to argue admissibility outside the hearing of the jury. Id. The Commonwealth notes also that there is nothing in the record to suggest that the trial court did anything to prevent trial counsel from making an offer of proof and/or requesting argument on admissibility. The record also shows that defense counsel had not filed a pre-trial motion in limine in order to make an offer of proof

_____

[3] See Chambers v. Mississippi, 410 U.S. 284, 302 (1973) (holding that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice").

and to plead the admissibility of the hearsay testimony in advance of trial. Consequently, through procedural omissions before the trial court, [A]ppellant has failed to preserve this claim for appeal.

Commonwealth's Brief at 19-20 (citation omitted).

Our review of the record indicates that the Commonwealth is correct. Defense counsel never made an offer of proof before or during trial regarding the substance of the proposed testimony. The first time the trial court became aware of the nature of the proposed testimony was after the trial, in Appellant's post-sentence motion. Furthermore, it was not at all clear that the "substance" or content of the proposed testimony "was apparent from the context." Pa.R.E. 103(a)(2). To the contrary, the only thing that was apparent during defense counsel's direct examination of Appellant's mother was that counsel was attempting to impeach the denial by the victim's mother that the conversation had even occurred. See N.T., 3/23/16, at 122-24.

Appellant's sub-claims on appeal are not merely challenging whether it was improper for the trial court to exclude testimony tending to contradict prior testimony by the victim's mother regarding the existence of the conversation. Instead, Appellant is claiming that the error below was the failure of the trial court to permit testimony regarding the content of that conversation. Pursuant to Rule 103(a)(2), we conclude that Appellant waived

J-S82002-17

each of the sub-claims he now presents for our review by failing to make an offer of proof regarding that content before or during his trial.[4]

In his next claim, Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. Commonwealth v. Hunter, 768 A.2d 1136 (Pa.Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

_____

[4] Additionally, we note that, with one exception, Appellant waived his sub-claims pursuant to Pa.R.A.P. 302(a), as he did not present at trial the theories he now offers to justify the admission of the content of the phone call. "A theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief." Commonwealth v. Mehalic, 555 A.2d 173, 183 (Pa.Super. 1989). Appellant did not claim at trial that the out-of-court statement in question was non-hearsay pursuant to the rule expressed in Ali. He did not claim at trial that, even if hearsay, the out-of-court statement was admissible under Chambers. At best (setting aside his failure to make an offer of proof), Appellant only arguably preserved the theory that he was attempting to impeach a prior inconsistent statement by the victim's mother. See N.T., 3/23/16, at 122-24. ("Your Honor, I asked [the victim's mother] if she said these things and she denied them. She was here. She was here to testify about them.").

- 10 -

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa.Super. 2006) (citations omitted).

Here, Appellant filed a timely notice of appeal, and he included a separate Pa.R.A.P. 2119(f) statement in his brief. Further, Appellant filed a timely, counseled post-sentence motion. In his post-sentence motion, Appellant preserved solely the following discretionary challenges, which we set forth verbatim:

> VII. Motion for Reconsideration of Sentence-The cumulative sentence was manifestly excessive
>
> 37. [Appellant's] cumulative sentence-resulting from the 4 consecutive sentences at Counts (1) through (4)-amounts to 40-80 years of incarceration.
>
> 38. Counsel submits that, given [Appellant's] age (32 years old), this sentence is, for all pragmatic purposes, a life sentence.
>
> 39. The Court failed to adequately state on the record the reason for making the sentences at Counts (1) through (4) consecutive to each other.
>
> 40. Based on the Court's comments, it appears that the Court also improperly considered [Appellant's] convictions for 2 unrelated cases to which he pleaded guilty on the same day that the Court sentenced him on the current case.
>
> 41. Given the totality of the circumstances, and given that this is [Appellant's] first conviction involving a sex offense or a child, the Court's sentence is manifestly excessive.
>
> WHEREFORE, Defendant respectfully requests that this Court vacate the sentence issued at the above-captioned case and docket this matter for re-sentencing.

Appellant's Counseled Post-Sentence Motion, filed 7/5/16, at 9 (underline in original).

In his appellate brief, Appellant has abandoned his discretionary claim set forth in paragraph 40 supra; namely, that the trial court improperly considered his convictions for two unrelated cases to which he pled guilty on the same day that he was sentenced on the current case. He continues to challenge the trial court's imposition of consecutive sentences on the basis the aggregate sentence was manifestly excessive and the trial court failed to state adequate reasons on the record for the imposition of the consecutive sentences.[5]

With regard to the imposition of consecutive sentences, assuming, arguendo, Appellant presented a substantial question permitting our review, we conclude the trial court did not abuse its discretion.

It is well-settled that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

_____

[5] To the extent Appellant sets forth in his brief additional discretionary aspects of sentencing issues, which were not included in his post-sentence motion (or otherwise raised during the sentencing hearing), we find these issues to be waived. See Commonwealth v. Griffin, 65 A.3d 932, 936 (Pa.Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (quotation and citation omitted) (emphasis in original)). Thus, we confine our review to the discretionary aspects of sentencing issue, which Appellant properly preserved in the court below and briefed on appeal.

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Gonzalez, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

When imposing a sentence, a court is required to consider "the particular circumstances of the offense and the character of the defendant." Commonwealth v. Frazier, 500 A.2d 158, 159 (Pa.Super. 1985). The trial court is required to state its reasons for the sentence on the record, so that a reviewing court can determine whether the sentence imposed was based upon accurate, sufficient, and proper information. Commonwealth v. Sanders, 627 A.2d 183, 188 (Pa.Super. 1993). Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding an appellant's character and weighed those considerations along with the mitigating statutory factors. Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988).

Here, the record reveals that the trial court set forth sufficient reasons for the imposition of consecutive sentences. Specifically, the sentencing transcript reveals the trial court considered a pre-sentence report and considered the Sentencing Guidelines. N.T., 6/23/16, at 7-9. The trial court heard from defense counsel, who informed the trial court there was a "minor" correction related to the pre-sentence report. Id. at 8. In this vein, defense counsel indicated the pre-sentence report indicates Appellant "had a relationship with a woman named [C.B.] from the time he was 18 to 27. He

indicated to me that he actually started dating her when she was 15, he just wanted that reflected on the record." Id. at 8-9. Defense counsel then informed the trial court of Appellant's "steady employment" throughout his adult life, his education, and his support of his children. Id. at 9.

The trial court also considered the emotional and physical impact of Appellant's crimes upon the minor victim, who testified at sentencing, as well as the effect of the crimes upon the victim's family. Id. at 12-14. Specifically, the trial court stated the following during the sentencing hearing:

> Okay, [Appellant], you assaulted this child when she was 11 years old, she was your stepdaughter and you assaulted her continuously over a term of one year. You have heard the impact that it has had on her, I can only imagine that this impact spread to members of her family, her friends, and those people who loved this child.
>
> You violated a position of trust. You heard her say she wanted you to be her father and instead you sexually assaulted her over and over.

N.T., 6/23/16, at 14.

In addition, the trial court specifically referenced Appellant's prior convictions, noted his need for rehabilitation, and opined he continues to be "a danger to our society." Id. at 14-15.

Taking all of this information into consideration, the trial court imposed four consecutive sentences, with no further penalty for the remaining crimes. The record reveals the trial court properly weighed all of the relevant factors and provided adequate reasons on the record in sentencing Appellant.

An appellant is not entitled to a "volume" discount by having all of his sentences run concurrently. Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa.Super. 1995). Here, Appellant's sentence was manifestly reasonable in light of the heinous sexual abuse at issue. See Commonwealth v. Treadway, 104 A.3d 597 (Pa.Super. 2014) (holding that aggregate sentence of 100 to 200 years for various sex crimes perpetrated by the defendant upon his stepdaughter was not manifestly excessive given the nature of the crime). Accordingly, Appellant is not entitled to relief on this claim.

In his final claim, Appellant argues that the trial court lacked jurisdiction to conduct an SVP hearing following the imposition of sentence. We decline to address this matter given our recent decision in Commonwealth. v. Butler, 173 A.3d 1212 (Pa.Super. 2017).

As background, in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that the registration requirements under SORNA constitute criminal punishment, thus overturning prior decisions deeming those registration requirements civil in nature. Id. at 1218. In Butler, this Court ruled that,

> since our Supreme Court has held [in Muniz] that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under Apprendi [v. New Jersey, 530 U.S. 466 (2000),] and Alleyne [v. United States, 133 S.Ct. 2151, 2163 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.[] § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court

as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny.

*Butler*, 173 A.3d at 1217-18. Accordingly, the *Butler* Court held that 42 Pa.C.S. § 9799.24(e)(3) is unconstitutional.

In light of *Butler*, to which we are bound under the doctrine of stare decisis, we conclude that the trial court's order deeming Appellant to be an SVP is illegal. See id. Therefore, we are compelled to vacate the trial court's September 22, 2016, SVP order, and pursuant to *Butler*, we remand this case to the trial court to determine under what tier of SORNA Appellant must register, and to provide him with the appropriate notice of his registration obligations under 42 Pa.C.S. § 9799.23. See *Butler*, 173 A.3d at 1218 (remanding for reassessment of the appellant's registration obligation(s) under SORNA).

For all of the foregoing reasons, we vacate the trial court's SVP order and remand for further limited proceedings. In all other respects, we affirm Appellant's judgment of sentence.

September 22, 2016, SVP Order vacated and case remanded as to appeal at docket 1601 WDA 2016. Judgment of sentence affirmed as to docket 1173 WDA 2016. Jurisdiction relinquished.

P.J.E. Bender Concurs in the Result.

Judge Strassburger files a Dissenting Memorandum.

- 16 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/4/2018