HOFFMAN, Judge:
 

 This is an appeal from the judgment of sentence for aggravated assault and assault by prisoner. Appellant contends that the evidence was insufficient to support the verdicts. For the reasons that follow, we affirm the judgment of sentence.
 

 On July 21, 1989, appellant, Saadia Everett, was convicted by a jury of simple assault, aggravated assault, and assault by prisoner. The charges arose out of an incident at the Restricted Housing Unit of the State Correctional Institutional at Muncy, where appellant was incarcerated. On January 9, 1989, appellant became involved in a conflict with a corrections officer who directed appellant to remove some blankets from her cell window. Viewed in the light most favorable to the Commonwealth, the testimony at trial indicated that appellant refused to comply with the corree
 
 *168
 
 tions officer’s order and became verbally abusive. As a result, the corrections officer called for assistance. Six other corrections officers arrived to help transport appellant to the Restricted Housing Unit (RHU), a section of the correctional facility at which inmates are housed pending a disciplinary hearing. Upon learning that she was being taken to RHU, appellant became extremely distressed, because she would lose her parole date which was a little more than a week away. She became physically resistant and verbally abusive, scratching and kicking several of the corrections officers as they attempted to subdue her. They finally were able to handcuff her, and transported her to RHU. After appellant arrived at the RHU cell and her handcuffs were removed, Sergeant Betty Wertz informed her that she would have to undergo a routine strip-search. Appellant again became verbally abusive and indicated that she would not submit to a search. At the same time, she lunged forward and, as Sergeant Wertz was in the doorway of the cell, slammed the door. Sergeant Wertz’ hand was caught in the door and two of her fingertips were permanently severed. She also suffered broken bones and a back injury.
 

 Based on this evidence, appellant was found guilty of aggravated assault, simple assault and assault by prisoner. Timely post-verdict motions were filed and denied. Appellant was sentenced to consecutive terms of incarceration of seven-to-fifteen years for aggravated assault and six-to-twelve months for assault by prisoner. This appeal followed.
 

 All of appellant’s claims concern the sufficiency of the evidence. It is settled law that the test for evaluating the sufficiency of the evidence in a criminal case is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom upon which the court could properly have based its verdict, there is sufficient evidence to enable the trier of fact to find beyond a reasonable doubt every element of the
 
 *169
 
 crime of which appellant has been convicted.
 
 Commonwealth v. Davis,
 
 491 Pa. 363, 369, 421 A.2d 179, 182 (1980).
 

 Appellant first contends that the evidence was insufficient to support the verdict for aggravated assault. Appellant was charged under 18 Pa.C.S.A. § 2702(a)(1), which provides:
 

 (a) Offense defined. — A person is guilty of aggravated assault if he:
 

 (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.
 

 The jury specifically convicted appellant of attempting to cause serious bodily injury. Trial Court Opinion at 1 n. 1. Where an attempt is made to commit aggravated assault, the Commonwealth is required to prove specific intent.
 
 Commonwealth v. Magnelli,
 
 348 Pa.Super. 345, 349, 502 A.2d 241, 243 (1985) (quoting
 
 Commonwealth v. Grassmyer,
 
 266 Pa.Super 11, 16 n. 1, 402 A.2d 1052, 1054 n. 1 (1979)). “A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result.” 18 Pa.C.S.A. § 302(b)(l)(i). Such intent may be proved by direct or circumstantial evidence.
 
 Commonwealth v. Alexander, 477
 
 Pa. 190, 194, 383 A.2d 887, 889 (1978) (citations omitted).
 

 In the instant case, the Commonwealth presented both direct and circumstantial evidence. It presented the testimony of the victim, Sergeant Wertz, who described appellant as facing her when appellant “slammed” the cell door. Thus, according to Sergeant Wertz’ testimony, appellant saw that Sergeant Wertz was standing in the path of the door.
 
 [1]
 
 Sergeant Wertz further testified that as appel
 
 *170
 
 lant stepped forward to slam the door, she responded to Sergeant Wertz’ announcement regarding the strip search with anger and verbal obscenities. Moreover, the testimony of the seven corrections officers who subdued appellant before she was transported to RHU provided ample circumstantial evidence to prove the required intent. Immediately before the incident in question, appellant became so angry about being transported to RHU that seven corrections officers were required to subdue her. She used abusive and obscene language and kicked and scratched several of the guards. From this course of abusive conduct toward the corrections officers, the jury could infer appellant’s intent to cause serious bodily injury by slamming the door. Finally, there can be no question that the door had been “slammed,” not simply closed, as the force was sufficient to sever and break portions of the victim’s fingers. In light of these facts, we are satisfied that the evidence was sufficient to support the aggravated assault verdict.
 

 Appellant also challenges the sufficiency of the evidence with respect to two elements of the assault by prisoner conviction. 18 Pa.C.S.A. § 2703 provides:
 

 A person who has been found guilty and is awaiting sentence or a person who has been sentenced to imprisonment for a term of years in any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility, located in this Commonwealth, is guilty of a felony of the second degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed intentionally or knowingly commits an assault upon another with a deadly weapon or instrument, or by any means or force likely to produce serious bodily injury.
 

 First, appellant claims that the evidence failed to establish the requisite intent for assault by prisoner. Second, she avers that the evidence failed to establish use of a deadly weapon or any means or force likely to produce serious bodily injury. Appellant’s claim that the evidence
 
 *171
 
 was insufficient to establish the requisite intent may be dismissed summarily. The crime of assault by prisoner requires “malice aforethought” by the defendant.
 
 Cf. Commonwealth v. Clark,
 
 238 Pa.Super. 519, 523, 361 A.2d 779, 781 (1976). Malice is defined as “ ‘either an express intent to kill or inflict great bodily harm, or ... a ‘wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty,’ indicating an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life.’ ”
 
 Commonwealth v. Paquette,
 
 451 Pa. 250, 255-56, 301 A.2d 837, 840 (1973) (quoting
 
 Commonwealth v. Lawrence,
 
 428 Pa. 188, 193-94, 236 A.2d 768, 771 (1968)). Malice may be inferred from the surrounding circumstances.
 
 Paquette,
 
 451 Pa. at 256, 301 A.2d at 840. Again viewing the evidence summarized above in a light most favorable to the Commonwealth as the verdict winner, there was sufficient evidence from which a jury could infer that appellant attacked Sergeant Wertz with malice aforethought.
 

 Finally, we must disagree with appellant’s assertion that the evidence failed to establish use of a deadly weapon or any means or force likely to produce serious bodily injury. Serious bodily injury is defined at 18 Pa.C.S.A. § 2301 as bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Evidence that appellant slammed a heavy steel door which was “larger than a standard size door,” N.T. at 64, while the victim was standing in the doorway, is sufficient to support a jury finding that this element was satisfied. It is certainly likely that slamming a cell door shut as appellant did could cause serious bodily injury.
 

 Hence, we conclude that the evidence presented by the Commonwealth was sufficient to allow the trier of fact to find that appellant possessed the specific intent to attempt to inflict serious bodily injury on the victim, that she as
 
 *172
 
 saulted the victim with malice aforethought, and that the force used by appellant was likely to produce serious bodily injury. Accordingly, we affirm the judgment of sentence.
 

 Judgment of Sentence Affirmed.
 

 [1]
 

 . We recognize that there was conflicting testimony on this issue, as appellant testified that she was not facing the victim when the door closed, and that she merely shut the door, rather than slamming it. The jury was free to make its own determination as to which witnesses to believe, of course.