627 A.2d 183

COMMONWEALTH of Pennsylvania

v.

Jasper Earl SANDERS, Appellant.

Superior Court of Pennsylvania.

Submitted April 15, 1993.

Filed June 17, 1993.

364

Joseph P. Burt, Erie, for appellant.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Com., appellee.

Before WIEAND, POPOVICH and HESTER, JJ.

WIEAND, Judge:

Jasper Earl Sanders was tried by jury and was found guilty of aggravated assault, recklessly endangering another person and carrying a firearm without a license.[1] Post-trial motions

---

1. Sanders was found not guilty of making a terroristic threat and possession of an instrument of crime.

were denied, and Sanders was sentenced to serve consecutive terms of imprisonment for not less than three (3) years nor more than ten (10) years for aggravated assault and not less than one (1) year nor more than five (5) years for carrying a firearm without a license.[2] Thereafter, a direct appeal was filed in which appellant argued that: (1) the evidence was insufficient to sustain the conviction for aggravated assault; (2) the finding of guilt on the charge of aggravated assault was contrary to the weight of the evidence; and (3) the trial court abused its discretion by imposing a sentence in the aggravated range of the sentencing guidelines without stating adequate reasons for doing so.

 Prior to addressing the merits of the instant appeal, we observe that appellant's appointed counsel has petitioned this Court for leave to withdraw from the case because of the absence of any meritorious issues to be advanced on appeal. In order to be permitted to withdraw from the case, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise any additional points he deems worthy of this Court's review.

*Commonwealth v. Saunders*, 394 Pa.Super. 347, 348–349, 575 A.2d 936, 937 (1990). See: *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Counsel has generally complied with these requirements. Our role, then, is to conduct an independent review of the record to determine whether counsel's assessment that the appeal is frivolous is correct. If counsel's assessment of the case is accurate, we may grant his petition to withdraw from the case. See:

2. The conviction for recklessly endangering another person was deemed to merge with aggravated assault for purposes of sentencing.

*Commonwealth v. McClendon, supra; Commonwealth v. Wilson,* 396 Pa.Super. 296, 299, 578 A.2d 523, 525 (1990).

▮▮▮ In reviewing a challenge to the sufficiency of the evidence, we must determine "whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense [ ] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson,* 506 Pa. 469, 472–473, 485 A.2d 1102, 1103 (1984). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Hardcastle,* 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). "Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence." *Commonwealth v. Tate,* 485 Pa. 180, 182, 401 A.2d 353, 354 (1979). The facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" *Commonwealth v. Sullivan,* 472 Pa. 129, 150, 371 A.2d 468, 478 (1977), quoting *Commonwealth v. Libonati,* 346 Pa. 504, 508, 31 A.2d 95, 97 (1943).

▮▮▮ "A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Taylor,* 324 Pa.Super. 420, 425, 471 A.2d 1228, 1230 (1984). The decision whether or not to grant a new trial on this basis rests within the sound discretion of the trial court. *Commonwealth v. Akers,* 392 Pa.Super. 170, 182, 572 A.2d 746, 752 (1990). "A trial court should award a new trial

on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Whitney,* 511 Pa. 232, 239, 512 A.2d 1152, 1155–1156 (1986). The role of an appellate court in reviewing the weight of the evidence is very limited. *Commonwealth v. Purcell,* 403 Pa.Super. 342, 348, 589 A.2d 217, 220 (1991). "The purpose of that review is to determine whether the trial court abused its discretion and not to substitute [the reviewing] Court's judgment for that of the trial court." *Commonwealth v. Murray,* 408 Pa.Super. 435, 440, 597 A.2d 111, 114 (1991) (en banc).

■ Instantly, appellant was convicted of aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(4), which provides that "[a] person is guilty of aggravated assault if he attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." Where the defendant is charged with aggravated assault based upon his attempt to injure another person, the Commonwealth is required to prove that he acted with a specific intent to cause such injury. *Commonwealth v. Everett,* 408 Pa.Super. 166, 169, 596 A.2d 244, 245 (1991). " 'A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result.' " *Id.,* quoting 18 Pa.C.S. § 302(b)(1)(i). "Criminal intent may be proved by direct or circumstantial evidence." *Commonwealth v. Alexander,* 477 Pa. 190, 194, 383 A.2d 887, 889 (1978).

The evidence at trial discloses that, on November 9, 1991, at or about 1:50 a.m., appellant and Randall Coleman were both patrons at "Hut's Place," a tavern located in Erie, Pennsylvania. The two men were known to each other and had been involved in a fight about one year earlier. According to Coleman, appellant approached him in the bar and said that he (appellant) did not like him and that "one day its going to be me and you one-on-one." In response, Coleman told appellant that he was ready to fight. Appellant then pulled

out a gun and pointed it at Coleman's chest. Thereafter, appellant walked up to Coleman and placed the gun to Coleman's head, stating that he was going to blow Coleman's "mother fucking head off." While pointing the gun at Coleman's head, appellant's finger was on the trigger and the gun was loaded. Believing that he was about to be shot, Coleman grabbed appellant's wrist and attempted to wrestle the gun from him. During the struggle, Coleman was able to push appellant into the bar, where the owner of the tavern took the gun from appellant's hand. This version of events was substantially corroborated by the testimony of other persons who were in the tavern at the time of the incident.

Appellant testified on his own behalf and said that after their previous fight, Coleman had threatened that he was going to get appellant sooner or later. He said that Coleman had approached him in "Hut's Place" and had said "come on, lets get it on now." In response, appellant backed up, and because he felt threatened by Coleman, pulled out his gun to keep Coleman from advancing further. According to appellant, he held the gun to his side and did not point it at anybody. Coleman, however, continued to approach, grabbed appellant by the wrist and pushed him into the bar. The gun was then taken from appellant by the owner of the tavern. Appellant denied having any intent to injure Coleman with the gun.

In the brief filed by appointed counsel, it is asserted that the evidence was insufficient to sustain appellant's conviction for aggravated assault because appellant had intended only to scare the victim in order to ward off being attacked. Appellant, however, has filed a pro se brief in which he argues more specifically that his act of pointing a gun at the victim was insufficient as a matter of law to support his conviction under 18 Pa.C.S. § 2702(a)(4). According to appellant, the Commonwealth failed to prove that he acted with the specific intent to cause bodily injury to the victim with a deadly weapon. In making this argument appellant relies upon the decision in *Commonwealth v. Savage*, 275 Pa.Super. 96, 418 A.2d 629 (1980), where the Superior Court held that the trial court had

erred when it instructed the jury that the defendant's act of pointing a gun at the victim could constitute an aggravated assault. In so holding, the Superior Court reasoned as follows:

The Crime[s] Code defines aggravated assault as follows:

(a) Offense defined.—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; or

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

18 Pa.C.S. § 2702.

The Code defines simple assault as follows:

(a) Offense defined.—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa.C.S. § 2701.

"[P]ointing a gun at Mr. Gould ... in ... a threat to cause serious bodily injury", could constitute a simple assault as an "attempt[ ] by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a)(3). *See Commonwealth v. Trowbridge,* 261 Pa.Super. 109, 114, 395 A.2d 1337, 1340 n. 8 (1978). It could not, however, constitute an aggravated assault. *Cf. Common-*

*wealth v. Bond,* 261 Pa.Super. 311, 315, 396 A.2d 414, 416 n. 2 (1978) (during struggle with victim, defendant's gun clicked several times while it was pointed at victim).

*Commonwealth v. Savage, supra* at 102–103, 418 A.2d at 632 (footnote omitted).

Pursuant to the rationale in *Savage,* it would appear that the mere act of pointing a gun at another person is not sufficient to support a conviction for aggravated assault. Something more is required in order to establish a specific intent to cause injury to the person at whom the gun is being pointed. Thus, in *Commonwealth v. Chance,* 312 Pa.Super. 435, 442–443, 458 A.2d 1371, 1374–1375 (1983), the Court held that a defendant's act of pointing a gun at his victim, together with evidence that the victim heard the gun click a couple of times while he was struggling with the defendant, was sufficient to sustain a conviction under 18 Pa.C.S. § 2702(a)(4). Compare: *Commonwealth v. Mayo,* 272 Pa.Super. 115, 126–129, 414 A.2d 696, 702–703 (1979) (defendant's act of threatening victim and lightly scratching her chest with a knife was not sufficient to establish either that bodily injury had been inflicted or that defendant had attempted to cause bodily injury with the knife, as defendant had failed to pursue an obvious opportunity to inflict considerable pain or injury to victim).

After careful review, and viewing the evidence in the light most favorable to the Commonwealth, we are satisfied that there was sufficient evidence to sustain the jury's finding that appellant was guilty of aggravated assault in this case. Here, the evidence established more than the pointing of a gun at the victim. The testimony was that after Coleman and appellant had exchanged words, appellant pulled out a gun, pointed it at the victim's chest, moved closer to the victim and placed the gun to his head. While holding the gun to the victim's head, appellant said that he was going to blow his head off. It was at this point that the victim grabbed appellant's wrist and began to struggle in an effort to prevent being shot. Under these circumstances, the jury could infer from appellant's conduct and his words that appellant had intended

to shoot the victim and had been prevented from doing so only because the victim was able to grab appellant's wrist and force the gun away from his head. This evidence, we hold, was sufficient for the jury to infer that appellant attempted to cause bodily injury to the victim with a deadly weapon in violation of 18 Pa.C.S. § 2702(a)(4).

Having concluded that the evidence was sufficient to sustain appellant's conviction for aggravated assault, we find no basis for concluding that the trial court abused its discretion when it refused to award a new trial on grounds that the verdict had been contrary to the weight of the evidence. Although appellant testified that he had had no intent to shoot the victim, it was solely for the jury to determine the credibility of the testimony. The jury, it seems clear, chose to credit the victim's version of events in preference to the version recited by appellant. "Where the evidence is conflicting, the credibility of the witnesses is solely for the jury, and if its finding is supported by the record, the trial court's denial of a motion for a new trial will not be disturbed." *Commonwealth v. Larew,* 289 Pa.Super. 34, 37, 432 A.2d 1037, 1038 (1981).

Finally, there is no merit in appellant's contention that the trial court abused its discretion by failing to state adequate reasons for imposing a sentence in the aggravated range of the sentencing guidelines. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion." *Commonwealth v. Anderson,* 381 Pa.Super. 1, 16, 552 A.2d 1064, 1072 (1988). When imposing sentence, a court is required to consider "the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Frazier,* 347 Pa.Super. 64, 67, 500 A.2d 158, 159 (1985). "It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives and the sentencing guidelines." *Commonwealth v. Hainsey,* 379 Pa.Super. 376, 382, 550 A.2d 207, 209 (1988). Thus, the sentencing court is required to state its reasons for the sentence on the record, so that a reviewing

court can determine "whether the sentence imposed was based upon accurate, sufficient and proper information." *Commonwealth v. Riggins,* 474 Pa. 115, 131, 377 A.2d 140, 148 (1977). Where the sentencing judge had the benefit of a pre-sentence report, however, it will be presumed that he "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers,* 519 Pa. 88, 101–102, 546 A.2d 12, 18 (1988). "Having been fully informed by the presentence report, the sentencing court's discretion should not be disturbed." *Id.* at 102, 546 A.2d at 18.

Instantly, a review of the record of sentencing discloses that the trial court considered and relied upon a pre-sentence report. The court observed on the record that an aggravated sentence was warranted because of appellant's extensive criminal record, particularly in regard to his propensity to engage in assaultive behavior involving the use of weapons. The record further reveals that the court was aware of and considered the various statutory factors relative to sentencing, as well as the sentencing guidelines. Under these circumstances, we can perceive no abuse of discretion in the imposition of appellant's sentence.

Although our review of the record has disclosed no basis upon which to disturb the judgment of sentence, we are unable to agree with appointed counsel's conclusion that the appeal is frivolous. On the contrary, this appeal presents a substantial issue regarding the sufficiency of the evidence to sustain a conviction for aggravated assault. Therefore, we will not act perfunctorily to allow counsel to withdraw his appearance on behalf of the appellant.

The judgment of sentence is affirmed. The petition of appellate counsel for leave to withdraw his appearance on appellant's behalf is denied.