J-S68038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RANDY R. TEMPLE :
:
Appellant : No. 759 WDA 2018

Appeal from the Judgment of Sentence April 26, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0001081-2017

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 28, 2018**

Appellant Randy R. Temple appeals from the judgment of sentence entered in the Court of Common Pleas of Crawford County following his open guilty plea to three counts of possession with the intent to manufacture or deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30). After a careful review, we affirm.

The relevant facts and procedural history are as follows: With the assistance of a confidential informant ("CI"), the police conducted controlled buys of illegal drugs from Appellant on March 7, 2017, March 13, 2017, March 29, 2017, and April 5, 2017. Each time, the CI went to Appellant's residence and gave Appellant $200.00 for heroin. Each purchased substance was later tested and found to contain fentanyl. Following the police's execution of a search warrant at Appellant's residence, Appellant made a police statement in

_____

* Former Justice specially assigned to the Superior Court.

which he admitted that he bought and sold drugs from his residence in order to support his own drug habit.

Appellant was charged with numerous drug related offenses, and on February 15, 2018, represented by counsel, Appellant entered open guilty pleas to three counts of PWID. The Commonwealth *nolle prossed* the remaining charges.

On April 26, 2018, Appellant, represented by counsel, proceeded to a sentencing hearing, at which the assistant district attorney ("ADA") reminded the trial court of the facts underlying Appellant's guilty plea. N.T., 4/26/18, at 5. The ADA noted that "[b]y [Appellant's] own admission in the presentence report, he stated his drug habit…[was] getting out of control, [and] [n]umerous items of drug paraphernalia were found during the search [of Appellant's residence]." *Id.* The ADA indicated Appellant's prior record score is a three and Appellant has been "crime free for some time when you look at his prior history[.]" *Id.* at 6. However, the ADA noted that Appellant's last conviction was "quite serious[]" as it was a "homicide by motor vehicle, DUI, 2003." *Id.* The ADA requested that Appellant's sentence on his three PWID convictions be imposed consecutively. *Id.*

In response, defense counsel acknowledged the "Court had the benefit of a very detailed presentence report that has been prepared." *Id.* Defense counsel indicated he asked Appellant to review the presentence report, and

Appellant wished to make corrections. *Id.* Specifically, Appellant informed the trial court of the following corrections to the presentence report:

> The one that states my clean time, was from Millcreek Community and that was incorrect. That was from Pyramid in Pittsburgh and that was where I went to rehab and the other one saying that— that I didn't really know my siblings was incorrect. I mean, I didn't know their addresses, but I—there are a couple that I have never met that were from [my] father's first marriage, but the majority of them I do know and talk to them.

*Id.* at 7.

> Defense counsel informed the trial court of the following:

> [Appellant] had a drug and alcohol assessment. He's been counseling with the Family Service and Children's Aid Society in Venango County. He [] supplied me with three letters from that agency. The first is dated February 20th of this year. The second is March 13th and then [the] third is April 23rd of 2018. They basically indicate how he's doing. They're not long letters.

*Id.* at 7-8.

Defense counsel also indicated he wanted to supplement the presentence report to reveal that Appellant has been employed as a diesel mechanic for the past year. Also, Appellant "physically looks a lot better[,]" and defense counsel opined that, by visually looking at Appellant, it appears that he has maintained his sobriety for the past year. *Id.* at 9. Defense counsel further noted that Appellant has a child support obligation, and he has been making payments. *Id.* at 10. Defense counsel indicated that Appellant's mother gave him a letter in which she suggested Appellant's addiction escalated when he suffered a work-related back injury and was prescribed

opioids. *Id.* at 11. Defense counsel asked the trial court to "run the three sentences concurrent[ly] and run them in the mitigated range." *Id.* at 10.

Appellant made a statement on his behalf at the sentencing hearing. Specifically, he stated the following:

> Your Honor. I definitely made a lot of mistakes in my life and with counseling I've been going to, I was trying to figure out why I keep making the mistakes I do and a lot of it has been, you know, reacting before I think things through and I definitely [have] been working on that very hard and my sobriety means a lot to me and I'm not the same man I was a year ago. I've learned a lot and, you know, I keep doing the next right thing and life is getting better. Thank you, Your Honor.

*Id.* at 11.

The trial court indicated the following in imposing sentence:

> I appreciate the advances that [Appellant] has made. I do. I'm very pleased to hear that he's fully in recovery, that he's gainfully employed, that he's looking better. He's healthier. That's excellent news and I commend him for making the commitment towards his recovery.
>
> The problem I have, however, is rather obvious. If you look at the affidavit of probable cause[,] [Appellant] was a heroin store. I mean, that's where people went to get their heroin and I guess unbeknownst to these purchasers, the results of fentanyl within these substances and it seems like nearly every week, if not every day, you read in the newspapers about, probably every week, about how ruinous this opioid epidemic has become in our community and I don't think anyone in this room is unaware of at least one person, if not several, who have overdosed as a consequence of this activity. This activity has to stop and while I appreciate that [Appellant] was in the throes of his addiction and this was a handy way for him to make some money and in his heart he doesn't think of himself as a bad person. Anybody who allows this substance to go into circulation is committing a very serious offense. You don't know if that sale is going to result in the death of another person. You don't know—well, actually you do know. You know from your own addiction how horrible this is. So instead of aiding the purchaser, the prospective purchaser, in

- 4 -

doing the right thing getting into rehab, getting their life in order, you are validating this horrible, terrible addiction, which is not just ruinous to that person's life, but ruinous to all the people who rely [on] and love that person and so I can't minimize it.

By his own admission, he has been selling for six months. I guess this girlfriend suggested it was more than that, more like a year. How many sales took place over the course of that period of time? How many opportunities did [Appellant] have along the way to realize I'm doing a terrible thing here. This is really, really wrong. I know my own life is garbage. Why would I want to help other people have a garbage life like me. No, I need some help here. You had that opportunity, didn't do it until after he gets caught.

The best I can do is low end standard range, but I have to run these consecutively. There's no way I can think in terms of mitigated range and there's no way I can think in terms of concurrent sentences. These are separate purchases.

*Id.* at 11-14.

The trial court then imposed a sentence of twelve months to twenty-four months for each of Appellant's three PWID convictions, the sentences to run consecutively.

Appellant filed a timely, counseled post-sentence motion, and by order entered on May 9, 2018, the trial court denied Appellant's post-sentence motion. This timely, counseled appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant acknowledges that his sentences are in the "low end of the standard range" for each conviction. However, Appellant avers the imposition of consecutive sentences resulted in an excessive sentence in which the trial court did not give sufficient weight to various mitigating factors.

Appellant's issue presents a challenge to the discretionary aspects of his sentence. *Commonwealth v. Zirkle*, 107 A.3d 127, 133-34 (Pa.Super. 2014). As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

A review of the record reveals that Appellant has satisfied the first three elements. Further, assuming, *arguendo*, Appellant presented a substantial question, we conclude the trial court did not abuse its discretion in imposing consecutive sentences.

> It is well-settled that:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

When imposing a sentence, a court is required to consider "the particular circumstances of the offense and the character of the defendant."

- 6 -

*Commonwealth v. Frazier*, 500 A.2d 158, 159 (Pa.Super. 1985). The trial court is required to state its reasons for the sentence on the record, so that a reviewing court can determine whether the sentence imposed was based upon accurate, sufficient, and proper information. *Commonwealth v. Sanders*, 627 A.2d 183, 188 (Pa.Super. 1993). Where the sentencing judge had the benefit of a presentence report, it will be presumed that he was aware of relevant information regarding an appellant's character and weighed those considerations along with the mitigating statutory factors. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988).

Here, the record reveals the trial court set forth sufficient reasons for the imposition of consecutives sentences and, contrary to Appellant's assertion, the trial court was aware of and considered the mitigating statutory factors. Specifically, the sentencing transcript reveals the trial court considered a presentence report. The trial court heard from defense counsel who provided supplemental information to the presentence report, including information regarding Appellant's employment, drug and alcohol counseling, and the factors contributing to Appellant's drug addiction. The trial court also heard from Appellant who clarified a few points of the presentence report, as well as explained that his sobriety "means a lot" to him and he is not "the same man [he] was a year ago." N.T., 4/26/18, 11.

The sentencing transcript reveals the trial court considered the mitigating factors, along with the need to protect the public, the gravity of

Appellant's offenses on the victim and community, and the Appellant's rehabilitative needs. 42 Pa.C.S.A. § 9721(b). Taking all of the information into consideration, the trial court imposed three consecutive sentences. As the trial court indicated, Appellant sold drugs to a CI on numerous separate occasions. Trial Court Opinion, filed 5/29/18, at 3. He was not entitled to a "volume discount" by having all of his sentences run concurrently. *See id.*; ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa.Super. 1995).

For all of the foregoing reasons, we conclude Appellant is not entitled to relief, and therefore, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2018