J-A24032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIAMOND JACQUELYN GAUSE | : | |
| | : | |
| Appellant | : | No. 1526 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 13, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002213-2019

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 22, 2021**

Diamond Jacquelyn Gause ("Gause") appeals from the judgment of sentence entered following her convictions of aggravated assault with a deadly weapon, defiant trespass, simple assault, and criminal mischief.[1]  We affirm.

On February 8, 2019, Gause entered the home of Darnell Stinson ("Stinson" or "the victim") in McKeesport, Allegheny County.  Though Gause had been to Stinson's home on other occasions, she did not have an invitation or permission to enter Stinson's home on this occasion.  Stinson inquired as to how Gause had entered the home and her reasons for being in the home, and told her to leave.  Gause refused to leave, and a fight ensued.  During the fight, Gause jumped onto Stinson and punched him multiple times in the face. Stinson kicked Gause off of him, and dragged Gause down the stairs by her

---

[1] 18 Pa.C.S.A. §§ 2702(a)(2), 3503(b)(1)(i), 2701(b)(1), 3304(a)(5).

hair, in order to remove her from the house. When they arrived downstairs, Gause threw items around the house, and went to the kitchen and grabbed a kitchen knife. Gause swung the knife at Stinson two times, cutting Stinson's finger with one of her swings. During the fight, Stinson repeatedly told Gause to leave his house. After the physical fight ended, Gause and Stinson engaged in a verbal argument before Gause kicked out Stinson's living room window and walked out of the house, dropping the knife on the front porch.

After Gause left the house, Stinson called police, and Officer James Goss ("Officer Goss") of the McKeesport Police Department arrived at the house. Upon arriving, Officer Goss observed the broken front window, broken glass and a black-handled kitchen knife with blood on the blade. Officer Goss also observed that Stinson had a cut on his finger and obvious swelling on his face. Gause was located a short time later by another officer less than a block away from Stinson's house. Officer Goss thereafter placed Gause under arrest. Upon arresting Gause, Officer Goss did not observe or note any injuries on Gause.

Gause was charged with aggravated assault – serious bodily injury, aggravated assault with a deadly weapon, criminal trespass, simple assault, recklessly endangering another person, and criminal mischief.[2] Gause proceeded to a non-jury trial on August 13, 2019, after which she was

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 2701(a)(1), 3503(a)(1)(i), 2701(a)(1), 2705, 3304(a)(5).

convicted of aggravated assault with a deadly weapon, defiant trespass, simple assault, and criminal mischief, and was found not guilty of aggravated assault – serious bodily injury, criminal trespass, and recklessly endangering another person. Immediately after trial, the trial court sentenced Gause to an aggregate term of five years of probation, during which time she was to have no contact with Stinson. The trial court also ordered Gause to pay court costs and restitution to Stinson, and to complete a batterers' intervention course.

Gause filed a post-sentence Motion, which the trial court denied. Gause filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Gause raises the following issues for our review:

I. Whether the Commonwealth failed to present sufficient evidence to establish beyond a reasonable doubt that [] Gause committed the crime of [a]ggravated [a]ssault with a deadly weapon because the Commonwealth failed to demonstrate that [] Gause attempted to cause or knowingly caused bodily injury to [] Stinson with a deadly weapon?

II. Whether the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that [] Gause's actions were not undertaken in self-defense?

III. Whether the trial court abused its discretion in denying [] Gause's post-sentence [M]otion that the verdict be set aside as it was against the weight of the evidence?

Brief for Appellant at 5 (footnote omitted).[3]

_____

[3] We note that, though Gause's Statement of Questions Involved lists her general sufficiency claim before her self-defense claim, she lists her self-

In her first issue, Gause argues that the evidence was insufficient to support her conviction of aggravated assault with a deadly weapon. *Id.* at 32-36. Specifically, Gause claims that the Commonwealth failed to establish that Gause possessed the requisite *mens rea* to commit the offense, as the evidence showed only that Gause motioned towards Stinson two times with the knife, with one of the motions resulting in a cut on Stinson's finger. *Id.* at 32. Accordingly, Gause asserts that the Commonwealth failed to meet its burden of proving beyond a reasonable doubt that Gause acted either intentionally or with knowledge when she inflicted the injury on Stinson. *Id.* Gause argues that, at most, she recklessly inflicted Stinson's injuries, as she was "in a state of panic and agitation after being dragged down a staircase by her hair[.]" *Id.* at 34-35.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying

_____

defense claim first in the Argument section of her brief. For ease of disposition, we will address Gause's claims in the order that they are listed in her Statement of Questions Involved.

the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

For the offense of aggravated assault with a deadly weapon, the Crimes Code provides that "[a] person is guilty of aggravated assault if he … attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4); *see also* 18 Pa.C.S.A. § 2301 (defining "bodily injury" as "[i]mpairment of physical condition or substantial pain," and "deadly weapon" as, in part, "any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury").

The evidence, viewed in the light most favorable to the Commonwealth as the verdict-winner, established that Gause used a deadly weapon, a knife, and inflicted bodily injury upon Stinson by swinging the knife and cutting Stinson's finger. N.T., 8/13/19, at 20. Further, sufficient evidence existed to show that Gause "intentionally or knowingly" caused the bodily injury to Stinson, as the evidence established that Gause swung the knife at Stinson two times, striking him once. *Id.* at 20-21. Additionally, the trial court, as the fact-finder, was free to interpret Gause's conduct, including going to Stinson's kitchen, retrieving a knife, and swinging it at Stinson two times, as

- 5 -

circumstantial evidence of knowledge. *See* N.T., 8/13/19, at 89-90 (wherein the trial court explains its reasons for finding that Gause knowingly caused Stinson's injuries). Finally, Stinson's version of the events is supported by the testimony of Officer Goss, who testified that when he approached the house, he observed the broken window, broken glass on the front porch, and the bloody kitchen knife. *Id.* at 22, 35-36. Accordingly, viewed in the light most favorable to the Commonwealth as the verdict-winner, sufficient evidence was presented at trial to support Gause's aggravated assault conviction. *See generally Commonwealth v. Sanders*, 627 A.2d 183, 187 (Pa. Super. 1993) (concluding that sufficient evidence existed to convict the defendant of aggravated assault with a deadly weapon when the defendant pointed a gun at the victim's head, was verbally threatening the victim, and a struggle ensued prior to any shots being fired, as such evidence allowed the jury to infer the defendant's intent to inflict bodily injury).

In her second claim, Gause argues that her testimony constituted an assertion of self-defense, and the Commonwealth failed to disprove her self-defense assertion beyond a reasonable doubt. Brief for Appellant at 16-31. Gause claims that she was in fear of imminent death or serious bodily injury, as she had just been dragged down the stairs by Stinson. *Id.* at 20-23. Gause also asserts that she did not provoke the fight with Stinson, but rather, was forced to defend herself after Stinson dragged her down the stairs. *Id.* at 24-27. Finally, Gause claims that she did not have a duty to retreat, as she had

the right to retrieve her property, which was still on the second floor. *Id.* at 27-30.

"The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a). A person may not use deadly force unless he believes it is necessary to protect himself against "death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat[.]" 18 Pa.C.S.A. § 505(b)(2).

> Where an accused raises the defense of self-defense under Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense. The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety. It remains the province of the [fact-finder] to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat.

*Commonwealth v. McClendon*, 874 A.2d 1223, 1229-30 (Pa. Super. 2005) (internal citations and quotation marks omitted).

Regarding Gause's self-defense claim, Gause testified that Stinson told her to leave the residence after dragging her down the stairs. N.T., 8/13/19, at 73. Gause testified that, instead, she ran to the kitchen, and retrieved the knife with the intention of threatening Stinson, as she knew him to be afraid of knives. *Id.* at 73-74. Gause testified that after she threatened Stinson

with the knife, Stinson "backed off" and she was able to return upstairs, retrieve her belongings, and leave the house, kicking the window as she left. *Id.* at 69. However, Gause denied cutting Stinson with the knife, and testified that she did not know how blood got on the knife. *Id.* at 69, 73.

In light of the foregoing, we conclude that sufficient evidence existed to prove that Gause was not acting in self-defense when she cut Stinson with the knife. From the testimony presented at trial, the trial court, as the finder of fact, could reasonably conclude that Gause had the opportunity to retreat and leave Stinson's house. *See Smith*, 97 A.3d at 790 (explaining that the finder of fact is free to believe all, part or none of the evidence). Rather than leaving, Gause went to the kitchen and, wielding a knife, stabbed Stinson. Further, the evidence demonstrated that Gause provoked the use of force, as Gause had entered Stinson's home, initiated the assault, and refused to leave when told by Stinson to do so on multiple occasions. Accordingly, Gause's claim of self-defense is not supported by the record, and her sufficiency challenge fails. *See McClendon*, *supra*; 18 Pa.C.S.A. § 505(b)(2)(i)-(ii).

In her final claim, Gause argues that the verdict is against the weight of the evidence. Brief for Appellant at 37-43. Gause claims that the trial court inaccurately set forth the nature of the defense exhibits presented at her non-jury trial, and minimized the evidence supporting her contention that Stinson had been the aggressor during the fight. *Id.* at 38-40. Further, Gause asserts that the trial court afforded improper weight to the testimony of Skye

Robertson ("Robertson"), who was on the phone with Gause during portions of the fight. *Id.* at 40-41. Finally, Gause attacks the credibility of Stinson's testimony, and claims that the trial court improperly analyzed the physical evidence from the scene of the fight, depicting the trial court's "focus on such tertiary details while disregarding entirely the testimony of [] Robertson and [] Gause[,] as well as [] Stinson's own serious credibility problems[,] []as 'manifestly unreasonable.'" *Id.* at 43.

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

In its Opinion, the trial court addressed Gause's challenge to the weight of the evidence as follows:

> [Gause]'s argument is rooted in an allegation that the court erred in finding the victim credible and did not provide weight to defense witness testimony and evidence. The court explained prior to delivering the verdict that [it] did not find the defense witnesses credible. When addressing [Gause]'s testimony, the court held

- 9 -

that the photographic exhibits showing injuries suffered by [Gause], purportedly at the hands of the victim, were not consistent with how she testified she received them. Moreover, Officer Goss, who arrested [Gause] shortly after [the] incident, did not observe any injury to [Gause] or reference any in his report. Officer Goss [] did, however[,] observe swelling to [] Stinson's face along with a cut to his finger, consistent with his testimony about how he was assaulted by [Gause].

The court doubted [Gause]'s testimony that the victim was cut by broken glass. Again, [] Stinson's testimony was corroborated by the observation of Officer Goss. Upon his arrival, the officer observed broken glass on the front porch from the window, which was admittedly kicked out by [Gause]. Among the glass shards was a bloody kitchen knife. Not only is this consistent with the victim's testimony that [Gause] kicked the window from the inside-out, but that [Gause] dropped the knife on the porch as she fled. These same observations conflict with [Gause]'s testimony that she never stabbed the victim, and that prior to leaving the house she threw the knife, presumably clean, into the living room, whereupon she left [the] victim's house and then kicked the window from the outside-in. [Gause]'s version defies the laws of physics and common sense, since the broken glass should have been inside the house, not on the porch as was observed. *Commonwealth v. McClelland*, 204 A.3d 436, 441 (Pa. Super. 2019) ([w]here the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law[) (c]iting *Commonwealth v. Widmer*, 744 A.2d 745, 751 ([Pa. ]2000)).

As for the remaining charges of defiant trespass, criminal mischief and simple assault by mutual combat, the evidence and credibility determinations outlined above support those convictions as well. [Gause]'s claim in her [Concise] Statement that the victim's testimony about who was allowed in and had access to the house was untruthful is irrelevant, as the court did not find her guilty of criminal trespass. It was undisputed that [Gause] did not live with the victim, and after making entry was told multiple times to leave, but refused. This is proof beyond a reasonable doubt of the crime of defiant trespass. The court's verdict in consideration of the available record should not "shock" anyone's sense of justice, such that the verdict was contrary to the evidence.

Trial Court Opinion, 1/29/20, at 10-12 (some capitalization omitted).

Our review of the record confirms that the trial court did not abuse its discretion in concluding that the verdict was not against the weight of the evidence. The trial court, sitting as fact-finder, was free to assess Gause's and Stinson's credibility, afford their testimony the appropriate weight, and resolve any inconsistencies in their testimonies. We will not re-weigh the evidence or reassess the credibility of the witnesses presented at trial. *See Gonzalez*, *supra*. Accordingly, this claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2021