J-A14027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES EDWARD CHANDLER, JR. | : | |
| | : | |
| Appellant | : | No. 826 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001809-2019

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED: AUGUST 12, 2021**

Appellant, Charles Edward Chandler, Jr., appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions for two counts of aggravated assault and one count each of possession of a firearm prohibited, simple assault, recklessly endangering another person ("REAP"), and harassment.[1] We affirm.

The relevant facts of this case are as follows. In the early morning hours of June 22, 2019, Appellant had an argument with his girlfriend, Lynne Feeney ("Lynne"). (N.T. Trial, 7/8/20, at 21-23). During this argument, Appellant threw a full, unopened beer can, which struck Lynne in the face. (*Id.* at 24). Lynne's nose bled profusely, and she felt pain, hurt, and shock. (*Id.*) In

_____

[1] 18 Pa.C.S.A. §§ 2704(a)(4); 6105(a)(1); 2701(a)(1); 2705; and 2709(a)(1), respectively.

addition, she sustained a broken nose and two black eyes. (*Id.* at 25, 42). After throwing the beer can at Lynne, Appellant went upstairs to the bedroom. (*Id.* at 29). Shortly thereafter, a neighbor who witnessed this event called Lynne's daughter, Katelyn Feeney. (*Id.* at 65). Katelyn then called her brother, Todd Feeney, Lynne's son, and Katelyn informed Todd that their mother had been assaulted. (*Id.*) Todd Feeney proceeded to his mother's home, accompanied by Jarred Rebovich, Katelyn's boyfriend. (*Id.* at 29, 66). After seeing his mother's face, Todd asked her what had happened. (*Id.*) Lynne told him she was attacked. (*Id.* at 66). Jarred and Todd went upstairs to search for Appellant. (*Id.* at 31, 66). About ten minutes later, Lynne's ex-husband, Richard Feeney, and Katelyn arrived at her house. (*Id.*) Richard also went upstairs. (*Id.*) Appellant was upstairs in Lynne's bed. (*Id.* at 69).

Once upstairs, only Todd entered the bedroom while Richard and Jarred remained outside in the hallway. (*Id.* at 70). Todd ordered Appellant to "get out," and said "it's time to go." (*Id.*) Appellant appeared "groggy and confused and kept saying things like 'what time is it' and 'what is going on.'" (*Id.* at 69-70). Eventually, Todd pulled Appellant out of the bed and told him, "It's time to go." (*Id.* at 70). Appellant, who was naked, got out of bed. (*Id.* at 71). At no time during this incident did anyone hit or strike Appellant. (*Id.* at 72). Appellant came downstairs undressed, followed by Todd, Jarred, and Richard. (*Id.* at 33). When Appellant got downstairs, he put on his pants and shoes. During this time, Appellant and Richard exchanged words, but no

physical contact occurred. (*Id.* at 33). Ultimately, Appellant, Richard, Jarred, and Todd exited Lynne's home, and Todd and Richard followed Appellant to Appellant's car. (*Id.* at 73). Appellant opened his car door, reached inside, and removed a handgun. Appellant then said, "I will show you." (*Id.* at 75).

Appellant fired a shot in the direction of Richard and Todd. (*Id.*) Appellant pointed his gun directly at Richard and fired it at him twice. (*Id.* at 93). Richard, who also had a firearm on him, shot twice at Appellant. (*Id.* at 76, 94). After firing these shots, Richard jumped behind a green electrical box, and Todd fell to the ground. (*Id.* at 73, 76, 95). Appellant fired two more shots at Richard while Richard remained behind the electrical box. (*Id.* at 96). At least one of those bullets struck the box and damaged it. (*Id.* at 56). Appellant chased after Todd until nearby residents came out with their own guns and knocked Appellant to the ground. (*Id.*) Subsequently, Appellant got into his car and drove away. (*Id.*)

Appellant did not have a license to carry a firearm. (N.T. Trial, 7/9/20, at 17). Appellant testified in his own defense that he only tossed Lynne a beer, and he did not think it would hit her. (*Id.* at 26). Appellant stated that three individuals attacked him while he slept. (*Id.* at 27). Appellant claimed that one of the attackers put a pistol in his face and threatened him. (*Id.*) Appellant averred that as he approached his car he was struck in the back of the head. (*Id.* at 28). Appellant admitted that he removed his handgun from inside his car, and he does not remember who fired first. (*Id.*) According to

Appellant, he only fired his gun in self-defense because he feared for his life. (*Id.* at 29).

On July 8, 2020, a jury convicted Appellant of the above-mentioned crimes. The court sentenced Appellant on July 14, 2020, to an aggregate of 72-144 months' incarceration. On August 5, 2020, Appellant timely filed his notice of appeal. The next day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on August 11, 2020.

Appellant raises the following issues for our review:

> Whether the evidence was legally and factually sufficient to prove that [Appellant] had the requisite intent to commit the crime of aggravated assault against victim Richard Feen[e]y.
>
> Whether the evidence was legally and factually sufficient to prove that [Appellant] had the requisite intent to commit the crime of aggravated assault against victim Todd Feen[e]y.

(Appellant's Brief at 3).

In his issues combined, Appellant argues that the evidence was insufficient to sustain his convictions for aggravated assault against both Richard and Todd Feeney. Appellant maintains that the Commonwealth failed to show he had the requisite intent to commit the aggravated assault crimes. Appellant contends that the Commonwealth did not prove beyond a reasonable doubt that it was his conscious object to cause death or serious bodily injury to either Todd or Richard Feeney. Appellant "does not dispute

- 4 -

that there were shots fired, nor that there was an exchange of gunfire." (***See id.*** at 10). Nevertheless, Appellant insists that he merely used his weapon to scare off his attackers, and that nobody was struck or even injured. Appellant concludes the evidence was insufficient to sustain the aggravated assault convictions, and this Court must vacate his convictions and judgment of sentence. We disagree.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jackson***, 215 A.3d 972, 980 (Pa.Super. 2019) (quoting

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011)).

The Crimes Code defines aggravated assault with a deadly weapon, in relevant part, as follows:

**§ 2702. Aggravated Assault**

**(a) Offense defined**.—A person is guilty of aggravated assault if he:

* * *

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

* * *

18 Pa.C.S.A § 2702(a)(4).

When no serious bodily injury results from the defendant's actions, the Commonwealth must prove that the defendant attempted to cause another to suffer such injuries. *See Commonwealth v. Fierst*, 620 A.2d 1196 (Pa.Super. 1993). "For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Gruff*, 822 A.2d 773, 776 (Pa.Super. 2003).

"A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result[.]" *Commonwealth v. Matthew*, 589 Pa. 487, 492, 909 A.2d 1254, 1257-58 (2006). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." *Id.* "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or

- 6 -

from the attendant circumstances." ***Gruff, supra***. ***See also Commonwealth v. Galindes***, 786 A.2d 1004, 1012 (Pa.Super. 2001) (explaining that "[e]ven though [intended victim] was not struck by any bullets, the act of firing a gun toward him constitutes an attempt to cause serious bodily injury" and thus was sufficient to prove aggravated assault); ***Commonwealth v. Sanders***, 627 A.2d 183, 187 (Pa.Super. 1993) (concluding that sufficient evidence existed to convict defendant of aggravated assault with deadly weapon when defendant pointed a gun at victim's head, was verbally threatening victim, and struggle ensued prior to any shots being fired, as such evidence allowed jury to infer defendant's intent to inflict bodily injury).

Instantly, Appellant opened his car door, reached inside, removed a handgun, and said, "I will show you." (N.T. Trial, 7/9/20, at 75). Appellant was the first to draw and use a firearm. (***Id.***) Appellant fired his handgun in the direction of Richard and Todd. (***Id.***) Then, Appellant pointed his gun directly at Richard and fired it at him twice. (***Id.*** at 93). Richard had to hide behind a green electrical box to avoid being shot and injured. (***Id.*** at 73, 76, 95). Appellant fired two more shots at Richard while Richard hid behind the electrical box. (***Id.*** at 96). Appellant only stopped shooting after nearby residents came out with their own guns and knocked Appellant to the ground. (***Id.***)

Under these circumstances, the jury could infer from Appellant's conduct

of firing a gun at Richard and Todd that he intended to shoot and injure them. *See Gruff, supra.* Aiming and firing a gun at both Richard and Todd constitutes a substantial step toward the commission of aggravated assault. *See id.* Even though no bullets struck Richard or Todd, Appellant's act of firing a gun in their direction establishes that he attempted to cause them bodily injury. *See Galindes, supra*. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to sustain Appellant's convictions under Section2702(a)(4). *See Jackson, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/12/2021